To support an action of trover, it is necessary for the plaintiff to prove property and right of possession in himself and a conversion by the defendant. It is admitted in this case that the plaintiff has shown property and a right of possession in himself, but it is insisted by the defendant that he has committed no conversion. This leads to the inquiry, "What is a conversion?" Conversion, in legal acceptation, means the wrongfully turning to one's use the personal goods of another, or doing some wrongful act inconsistent with or in opposition to the right of the owner. It is a malfeasance, and the plea to the action is "Not guilty." This malfeasance, like all others, is capable of proof in divers ways, as by the confession of defendant, or when called upon to surrender the (304) property, his refusal affords a presumption that he has converted it to his own use; for otherwise he would not refuse. But this presumption, like all others, vanishes when the contrary appears.
In the present case the plaintiff calls upon the defendant for permission to dig earth and cover the kiln; the defendant refuses, and he not being bound to grant the permission, it is admitted that this refusal does not amount to a conversion. The plaintiff then formally asks a permission which the law had already afforded to him, and which defendant could not abridge or withhold. The defendant refuses and threatens the plaintiff with a suit, in case he should enter upon his premises and take away the lightwood; and the parties, no doubt, believed that it was in law necessary to obtain such permission to prevent the plaintiff from becoming a trespasser. This menace, it is said, amounts to a conversion, and it is the policy of the law to do away the necessity the plaintiff was reduced to of taking *Page 219 
his property at the risk of a suit, though without foundation. However stupid the conduct of the defendant hath been, yet when we recollect that in legal understanding conversion is anact, and that in all instances where the words of a party are given in evidence it is with a view of inferring such act, it would seem irresistibly to follow that where there is clear evidence that no act has been done, it is equally as clear there has been no conversion. What has the plaintiff to complain of? Has the defendant injured his property? Has he used it in any way, or exercised any act of ownership inconsistent with the plaintiff's right? He has not. He has merely threatened to sue the plaintiff if he took the lightwood away, or entered upon his premises for that purpose, and it is admitted that no such action would lie. How, then, does this differ from a case where one man says to another, "If you plough your own horse, I will sue you for it"? The owner of the horse would incur the same risk by ploughing him after this menace (305) that the plaintiff would have incurred by entering upon the defendant's land and taking away the lightwood; and yet it would hardly be said that this menace was a conversion of the horse.
But a case has been cited from 3 Mod., 170, where in trover for a tree, upon demand and refusal, the plaintiff recovered. When that case is examined, it will turn out to be this: Trover was brought for fourteenlemon trees in boxes which were placed by the plaintiff in the garden of Lord Brudenell, by his lordship's consent. The premises were afterwards sold, and after passing through many hands, they came to the defendant, who refused to deliver the lemon trees to the plaintiff upon request. These trees were placed in a garden which was walled, and which plaintiff could not enter unless defendant would open the gate, and out of which he could take the trees only through the gate. The defendant by his refusal withheld
from the plaintiff the enjoyment of his fruit trees. But it is worthy of notice that the conversion was not made a point in the case. In the present case the lightwood was as accessible to the plaintiff as to the defendant, and has not in any manner been withheld from him.
In 5 Bac. Abr., 279, title "Trover," it is stated that a demand and refusal of a piece of timber or other cumbrous article, when it has remained untouched, will not support an action of trover. Independently of this authority, I am of opinion, from the reason of the case, that this action cannot be supported, and that the rule for a new trial should be made absolute. *Page 220