Nash, J.
 

 None of the acts of the defendant, which are stated in the case, taken separately or together amount in law to a conversion. A conversion, to subject a defendant in an action of trover, consists either in an ap* propriation of the thing to the party’s own use and beneficial enjoyment, or in its destruction, cr in exercising dominion over it in exclusion or defiance of the plaintiff’s right, or in witholding the possession from the defendant under a claim of title inconsistent with his own. Such is Mr. Greenleaf’s summary of the acts of a defendant to constitute a conversion in the sense of the law of trover. 2 Vol. of Evi, See 642. Which one of these acts, it maj; be asked, has this defendant been guilty of? The defendant is a merchant; arid' in 1846 and 1847 the negroes in question first, appeared in his neighborhood, claiming and acting as free men. They remained in that
 
 *588
 
 neighborhood until the 8th of November 1849, and during that time worked for different persons, openly. They purchased goods out of the defendant's store in 1846 and '47, and settled and paid the account of the first year, and exhibited
 
 to
 
 various persons free papers, as they are called. On the 8th of November 1847, they requested the defendant to give them a.certificate, that they were free, alleging, that they had left their free papers at a house some distance off. The defendant called on his clerk and a Mr. Everitt, who was in the store, and for whom they had worked, to state what they knew of their being free. They both stated that the negroes had passed as free, ever since they had been in the neighborhood, and that they had seen their free papers with the County seal appended. The defendant then gave them the certificate set forth in the case — in which he certifies they are free. This is the only act, upon which the plantiff relies to prove a conversion. Admit it was a wrongful act, yet it is not every tortious act, affecting the properly of another, that amounts to a conversion ; thus, cutting down his trees, without taking them away, is no conversion.
 
 Myers
 
 v.
 
 Solebay 2
 
 Mod. 245. The giving of the certificate was certainly a very indiscreet act, to say the least of it, but is no evidence of an act of ownership on the part of the defendant — it expressly disclaims it. His Honor, however, ruled, that the giving the paper writing by the defendant, was the exercise of Such dominion over the slaves as amounted tó a conversion.
 
 Jn'
 
 this opinion we think there is error. We agree with his Honor, and for the reasons expressed by him, that the plaintiff cannot recover upon the .counts for harboring or trading with the slaves. As, in the opinion of the Court, the plaintiff cannot recover in this action upon any of the counts in his declaration,, no opinion-is expressed as to the question of damages.
 

 
 *589
 
 There being error in the charge, upon the count in trover, upon which the verdict was given, the judgment is reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed and
 
 a venire de novo