·*ALICE S. JACKSON v. THE COMMISSIONERS OF GREENE COUNTY.

### Negligence — Liability of County — Judge's Charge.

1. When His Honor below, in his charge to the jury, singles out a witness (there being others testifying to the same matter) and tells the jury that if they believe the evidence of such witness, then, &c., *Held* to be error.

:2. One who attempts to cross a swollen stream, the bridge over it being out of repair, when it is apparent that the stream ·is swollen and dangerous to cross, is guilty of contributory negligence and in case of injury cannot recover damages of the County for failure to repair the bridge.

.3. The fact that such bridge was down and out of repair for some time *after* the injury to the plaintiff is not evidence of negligence on the part of the County.

(*Anderson* v. *Steamboat Co.*, 64 N. C. 399 ; *Willey* v. *Gatling*, 70 N. C. 410, cited and approved.

CIVIL ACTION for Damages, tried at Spring Term, 1876, of WILSON Superior Court, before *Kerr, J.*

The action was brought to the Superior Court of Greene and removed to Wilson. The plaintiff claimed damages of the defendants for injuries received in consequence of their ·failure to construct and keep in repair a public bridge across Nahunta Creek in Greene County.

The material facts are, that plaintiff and Miss R., her ·friend, on the 21st of September, .1874, were travelling a public road leading from Lenoir to Wilson County. Upon :arriving at said creek they found the bridge down and undergoing repairs. They then turned back, and leaving the main .road, followed a path which led to the creek about two hun-

---

*Faircloth, J., being of counsel in the Court below did not sit at the :hearing of this case.

dred yards below the bridge. In attempting to cross the creek they went down the stream about fifty yards when they saw an opening in the trees on the opposite bank, and got into water deep enough to float them from their seat. Miss R. got on top of the buggy in which they were riding, and the plaintiff stood on a trunk behind the buggy, the water being above the waist of plaintiff, in which condition they remained for some time and until rescued by persons living in the vicinity. Their horse was drowned. The creek was swollen and the current rapid, in consequence of heavy rains.

There was much evidence—notably that of one Rawls—relating to the contract for repairing said bridge, the length of time in which the work was in progress, the breaking of parts of the machinery at the mill where lumber was prepared, the necessity of hauling said lumber a considerable distance, and the delay which was thereby unavoidably occasioned.

His Honor charged the jury that defendants were entitled to a reasonable time to repair the bridge, and if they believed the testimony of the witness Rawls, defendants were not liable. If however considering the whole evidence, they believed the bridge was out of order for four or five weeks, the defendants were liable; and further, assuming such liability, if plaintiff left the public highway and went to the creek when it was so swollen and in such condition as to put persons of ordinary prudence on their guard, and attempted to cross and was thereby injured, she was guilty of contributory negligence and would not be entitled to a verdict

Under these instructions the jury rendered a verdict in favor of defendants. Judgment. Appeal by plaintiff.

*Messrs. Smith & Strong*, for plaintiff.
*Mr. H. F. Grainger*, for defendants.

READE, J. His Honor in singling out the testimony of the witness Rawls when there were several others testifying to the same matters, and charging the jury that if they believed his evidence, then there was no negligence on the part of the defendant, put himself in conflict with *Anderson* v. *C. F. Steamboat Co.* 64 N. C. 399, and *Willey* v. *Gatling,* 70 N. C. 410. And if the case turned upon that, then it may be that we would have to grant a new trial.

And so we think His Honor was in error in charging the jury that if the bridge was down four or five weeks, then there was negligence on the part of the defendants. For no matter how long it was down *after* the injury to the plaintiff, she would have no right to complain. The question which she had the right to make is, how long was the bridge down from the time when it was taken down until she was injured? Had there been time enough to complete the repairs? And upon that point the only evidence was that it was taken down on the 8th, and the complaint states that she was injured on the 21st of the same month, thirteen days. But this error was against the defendants and they do not appeal.

But these errors were cured by what His Honor correctly charged that even if the defendants were guilty of negligence in not repairing the bridge within reasonable time, still the plaintiff could not recover because the plaintiff was guilty of contributory negligence.

It is not stated whether there was a ford at the bridge. If there was and the plaintiff had ventured to cross there when it was apparent that the stream was swollen and dangerous to cross and injury had resulted, the defendants would not have been liable; because they were not obliged to keep a servant there to warn off from a danger which was palpable. It has not been usual nor is it necessary for those who have the care of public roads to keep servants at crossings to give notice when the streams are "up." And secondly

because it would have been contributory negligence on the part of the plaintiff to venture to cross a stream so swollen.

If it would have been negligence in the plaintiff to have attempted to cross the ford at the bridge, how much more negligent it was to leave the public road and to take an unusual path and attempt to cross at an unused ford, and then instead of going across and out at the only place used for crossing and going out, to "turn down the stream for fifty yards" to try to go out where there was an "opening in the trees."

As no great harm came to the good plaintiff we may be excused for the pleasantry of saying that the venture rivals the famous "wade through the big swamp when it was up."

No error.

PER CURIAM.                                     Judgment affirmed.