## H. K. RHEA v. R. M. DEAVER.

*Impeaching Evidence—Conversion—Issues—Judge's Charge.*

1. Defendant moved for a continuance on account of the absence of a witness, and in his affidavit stated what he expected to prove by the witness; and to avoid a postponement of the trial the parties agreed that the affidavit should be read in evidence and have the same effect as if the fact stated was sworn to by the witness in open court, subject however, to plaintiff's right to contradict or explain; *Held*, that testimony was properly received to contradict the statement made in the affidavit, (the statement being upon the material issue involved, and not relating to collateral matters).

2. In an action for damages for the conversion of personal property, it is not error in the court to restrict the issues to an inquiry into the plaintiff's title, the act of conversion, and the injury; under which issues all legitimate defences to the action are susceptible of proof.

3. Nor is it error to refuse to charge that the immediate right of possession is not in the plaintiff, where the evidence tended to show that the property was used by another with the permission of plaintiff, and not as bailee.

(*State* v. *Patterson*, 2 Ired., 346; *State* v. *McQueen*, 1 Jones, 177; *Jones* v. *Jones*, 80 N. C., 246; *Glover* v. *Riddick*, 11 Ired. 582; *Carraway* v. *Burbank*, 1 Dev., 306; *Hare* v. *Pearson*, 4 Ired. 76; *Anderson* v. *Steamboat Co.*, 64 N. C., 399; *Willey* v. *Gatling*, 70 N. C., 410; *Jackson* v. *Com'rs.*, 76 N. C., 282, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of BUNCOMBE Superior Court, before *McKoy, J.*

Verdict and judgment for plaintiff, appeal by defendant.

*Messrs. C. A. Moore* and *Reade, Busbee & Busbee,* for plaintiff.
*Messrs. J. H.* and *A. S. Merrimon,* for defendant.

SMITH, C. J.   The plaintiff in his complaint alleges himself to be the owner and in possession of a certain black mare mule before and up to May 2nd, 1865, when the de-

22

fendant coming into possession converted and disposed of her to his own use, estimating his damages for the wrongful act at five hundred dollars. The defendant averring his want of knowledge or information sufficient to form a belief in regard to the plaintiff's title, denies the act of conversion imputed to him. The issues extracted from the pleadings were submitted to the jury as follows:

1. Was the plaintiff the owner of and entitled to the mule described in the complaint at the time of the taking, and was she converted by the defendant? and .

2. How much damage is the plaintiff entitled to recover for the conversion ?

Several substituted issues were proposed by the defendant which are set out in the record and which the court deemed unnecessary, as all the legitimate defences to the action were susceptible of proof under those which had been prepared. The defendant asked a continuance for the absence of certain witnesses, and stated in his affidavit that he expected to show by them that he was not present when the mule was taken, and took no part and rendered no aid to those who did take her. To avoid the postponement of the trial an agreement was entered into between the parties that the affidavit should be read in evidence and have the same effect as if the fact stated was sworn to by the witness in open court, subject however to a right reserved to the plaintiff to contradict or explain the testimony, as if the witness had been examined personally.

At the trial before the jury the defendant offered this conceded statement in evidence and thereupon the plaintiff introduced himself as a witness, and after objection for that no opportunity had been offered the absent witness for explanation, was allowed to testify that the witness had stated to the plaintiff on several occasions that the defendant did take the mule, and this evidence was received for the pur-

pose of discrediting the statement read. This is the first exception we propose to consider:

1. The rule of practice where an application is made for a continuance on account of absent witnesses and the evidence they are expected to give is recited in the affidavit, is to require the other party insisting on a trial to admit the facts thus stated, and not merely that the witnesses if present would thus testify; and then no rebutting or impeaching testimony is admissible. But the parties have made a special arrangement in this case, exposing the testimony to contradiction and discredit, and the defendant cannot complain of the manner in which this reserved right is exercised. The objection pressed here is that conflicting statements, before or since made by a witness, cannot be received to impeach his testimony under oath unless he is himself first interrogated on the subject, and his memory refreshed that he may explain or deny the imputed declarations. The objection rests upon a misconception of the well settled rule of evidence as to the admissibility of contradictory statements impeaching the truth or memory of the witness, by not distinguishing between such as relate to collateral matters and such as bear directly upon a material issue. In the latter case it is not necessary to make a preliminary inquiry of the witness as to what he may have before said, and the impeaching testimony may be introduced without the inquiry. The cases cited for the appellee are so direct and full that further discussion is useless. *State* v. *Patterson*, 2 Ired., 346; *State* v. *McQueen*, 1 Jones, 177; *Jones* v. *Jones*, 80 N. C., 246.

2. The additional or substituted issues proposed were needless and there was no error in disallowing them. Those submitted involved an inquiry into the plaintiff's title, the alleged act of conversion, and the resultant injury. These are the substantial elements of the controversy, and they were presented to the jury with instructions as to the proof

required of the plaintiff to maintain his action. The court explained that title and possession must both be in the plaintiff, and the defendant must have been an actor in the taking and conversion, directly, or in aid of others, before a recovery can be had, and thus every defence was open to the appellant. The ruling rests upon ample authority.

"A conversion," remarks Mr. Greenleaf, "consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, in exclusion or defiance of the plaintiff's right; or in withholding the possession from the plaintiff under a claim of title inconsistent with his own," 2 Greenl. Evi. §642. And it may be added, all who participated in the act are equally liable. This definition is adopted as a correct statement of the law in *Glover* v. *Riddick*, 11 Ired. 582, as it had been previously recognized in *Carraway* v. *Burbank*, 1 Dev. 306, and *Hare* v. *Pearson*, 4 Ired. 76, cited in the argument of Mr. Busbee.

3. The remaining exception is to the refusal to charge the jury that if they believed the testimony of the plaintiff, the immediate right of possession was in one Sawyer, and not in the plaintiff, at the time of the wrongful act. As affecting the credit of the witness, and the supposed repugnancy of his to the testimony of other witnesses, the instruction was properly withheld, and it would have been error to give it, as has been repeatedly declared by this court. *Anderson* v. *The C. F. St. Boat Co.* 64 N. Co. 399 ; *Willey* v. *Gatling*, 70 N. C. 410 ; *Jackson* v. *Commissioners of Green Co.*, 76 N. C. 282. In *Willey v. Gatling*, READE, J., says the proper direction to the jury is that they " should consider *all the evidence offered on both sides*, and find the fact according to their convictions."

But if the proposed instruction be applied to the facts testified and not to the credibility of the witness, it should not have been given. The evidence of the plaintiff was that

'Sawyer with his family lived on plaintiff's farm and had supervision of it-; that he had let Sawyer work the mule that spring to make a crop; that he worked her the week in which she had been carried away ; he was to have a mule or horse to work that year, and had worked her.; the plain-tiff sometimes used the mule in hauling and she was brought to his stable and there fed. ·

This testimony does not show a special property in Saw-yer, as 'bailee, inconsistent with a legal possession and right of possession in the plaintiff. The use by Sawyer was per-missive and at the will of the plaintiff so far as his testimony goes, and while the entire evidence was left to the jury under proper directions to guide them in passing upon the issues, it would have been an error to give the specific effect to the plaintiff's testimony demanded in the refused instruction. The jury were free to make the deduction favoring the de-fendant's construction of the plaintiff's testimony, and while this liberty allowed the jury may itself be question-able, it certainly furnishes no just cause of complaint to the defendant.

There is no error and the judgment must be affirmed, and it is so ordered.  ·

No error. Affirmed.