13L 491
14L 154

MINERVA JACKSON v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY.

RAILROADS. *Damages.* Damages sustained in driving a cart across the track of a railroad at a dangerous place, by the driver being thrown from the cart by its toppling motion, are not the proximate result of an obstruction by the railroad company of the public crossing by a standing train of cars, for which an action will lie against the company.

FROM MARION.

Appeal in error from the Criminal Court of Marion county. D. C. TREWHITT, J.

W. C. DONALDSON for Jackson.

FOSTER V. BROWN and W. D. SPEARS for Railroad Company.

COOPER, J., delivered the opinion of the court.

The circuit judge sustained a demurrer to the declaration in this case, and the Referees report that his judgment should be reversed. The defendant excepts.

The action is brought to recover damages for injuries to the plaintiff's husband resulting in his death. The declaration avers that the defendant's branch road passes through the town of Victoria, in Marion county, having a depot on its South side for the accommodation of passengers and the receipt of their baggage and freight; that the business part of the town and the residence of plaintiff's husband were on the North side of the railroad; that there was only one public crossing or way over the railroad for reaching the depot from the North side, which was made and provided by the defendant for the public to travel on and over; that on the evening before the injury to the plaintiff's husband resulting in his death, the defendant left a train of cars standing on their track across the way aforesaid, and, although notified that evening by the deceased that he wished to cross the road the next morning, failed to remove the same; that on the next morning the plaintiff's husband drove his cart, in which was the trunk of a traveler intending to take passage on the defendant's train that morning, along the public way across the railroad to carry the trunk to the depot; that by reason of the obstruction of the

way by the defendant's standing train plaintiff's husband was compelled, in order to reach the depot with his cart, to cross the railroad track where no crossing was made or provided by the company, and where the track was about twelve inches high from the ground to the top of the rail, and while so crossing he was, by the jostling and toppling of the cart, thrown under the wheels of the cart, receiving injuries from the effect of which he died.

The question raised by the defendant's demurrer to the declaration is whether the obstruction by the defendant of the cross-way, which is charged to have been "wilfully, carelessly, wrongfully, unlawfully and negligently" done, was the proximate cause of the injury to the plaintiff's husband so as to render the defendant liable therefor in damages. The right of the public to the highway crossing for the purpose of travel is so far paramount to the right and convenience of the company for any other purpose than that of transit by its running trains, that the obstruction as stated in the declaration was clearly negligent and unlawful: *State* v. *Morris, etc., Railroad Company,* 25 N. J. L., 437. The defendant was therefore liable in damages to any person, having a right to cross its road at that point who was prevented from so doing by the obstruction. And the only question is whether the injury sued for was so far a proximate result of the obstruction as to render the defendant liable therefor because of the obstruction. The declaration does not aver or state any fact of negligence or wrong on the part of the defendant connecting it with the

injury except the creation of the obstruction to the public way by the standing train of cars.

A long series of judicial decisions has defined proximate, or immediate and direct damages to be the ordinary and natural results of the negligence, such as are usual and might therefore have been expected; and this includes in the category of remote damages such as are the result of an accidental or unusual combination of circumstances which would not be reasonably anticipated, and over which the negligent party has no control: 2 Thomp. Neg., 1083, citing the authorities. A proximate cause is therefore a probable cause, and a remote cause an improbable cause. A wrong-doer, in other words, is answerable for all the ordinary and natural consequences of his wrong but no further. The difficulty is in applying the general rule to the facts of a particular case.

It is very clear that a railroad company would not be liable for an injury to a person who undertook to drive a cart across its track at any other place than a regular crossing, and was thrown from the cart by its jolting over the rails. The track is the property of the railroad company, not intended to be crossed by other vehicles except at the ways provided for the purpose, and a third person who undertook to pass it elsewhere would be a mere trespasser. Such a person would act at his peril, the company being in no way responsible for any accident resulting from the attempt. The only possible ground to take this case out of the general rule is that the wrongful obstruction of the highway justified the plaintiff's

husband in adopting an unlawful and dangerous route to reach the depot, and made the defendant liable for the consequences. And this is the position assumed by counsel, the argument being that the traveler has a right to reach his destination, and adopt the best mode which seems open to him, the question whether he was justified in so doing being one for the jury. But it is difficult to see how because one party has done an unlawful act, the other party can be justified in doing an equally unlawful act at the risk of the former. And the authorities are all in conflict with the contention. It seems to be well settled that if a traveler is compelled to. leave the highway by reason of a defect therein rendering it impassible, and while so off the highway, and attempting with due care to pass the obstacle, receives an injury he cannot recover damages of the town, although he could have done so if the injury had happened to him on the highway; for the negligence of the town is to be deemed a remote cause of the injury: 2 Thomp. Neg., 1092. It was so held when the traveler, going off the highway to shun an obstruction not otherwise passable, foundered in a pond: *Tisdale* v. *Norton*, 8 Metc., 388. And when a bridge having been washed away and not rebuilt, the traveler attempted to cross at a ford not in the dedicated highway, the river being swollen: *Hyde* v. *Jamaica*, 27 Vt., 443, 458. The mere fact that a bridge is impassable will not justify a traveler in attempting to ford the stream under circumstances of danger. Damages accruing from this source are not

the proximate consequences of a failure to keep the bridge in repair: *Day* v. *Crossman,* 1 Hun., 570; 4 N. Y., S. C., 122; *Jackson* v. *Greene County,* 76 N. C., 282; *Farnum* v. *Concord,* 2 N. H., 392.

The exception to the report of the Referees will be allowed, and the judgment of the circuit court, sustaining the demurrer to the declaration, affirmed.