WEISENFIELD & COMPANY v. McLEAN & LEACH.

*Execution—Levy—Lien of—Judge's Charge.*

1. An execution is not a lien on the personal property of the judgment debtor as against *bona fide* purchasers from its *teste*, but only from the levy.

2. It would be error in the trial Judge to single out the testimony of one witness, and charge the jury that if they believe the testimony of that witness, they would find in accordance therewith, when there are several witnesses who testify in regard to the same matter.

3. A prayer for instructions, which would involve an expression of opinion by the Judge on the facts of the case, must be refused.

4. Where it was a disputed question in the case whether a mortgagor lived in one county or the other, a prayer for instructions which assumes that he resided in one of the counties, was properly refused.

(*Jackson* v. *Com'rs*, 76 N. C., 282; cited and approved).

CIVIL ACTION, tried before *Boykin, Judge,* and a jury, at January Term, 1886, of ROBESON Superior Court.

There was a judgment for the defendants, and the plaintiffs appealed.

The facts fully appear in the opinion.

*Mr. Thos. A. McNeill,* for the plaintiffs.
*Messrs. W. H. Rowland, McLean* and *Wm. Black,* for the defendants.

DAVIS, J.   The plaintiffs allege that they were the owners of certain cotton in the seed, and a matured crop of cotton, ungathered, which they had purchased at a sale under an execution in their favor, against one J. D. Jowers, and offered in evidence transcripts of a judgment in their favor against the said Jowers, rendered July 23d, 1881, and duly docketed in the counties of Richmond and Robeson, also executions on the said judgment from the Superior Court of Robeson county to the sheriff of that county, and the returns thereon; also executions from the Superior Court of Robeson county to the sheriff of Richmond county, and the returns thereon, showing that on the 6th of September, 1881, the sheriff of Richmond county levied the same on the matured growing crop of said Jowers, remaining ungathered in his field in Richmond county, and that by virtue of said execution and levies, the said crop and 1,897 pounds of seed cotton, part of the crop which had been picked out after the levy and before the sale, were sold on the 22d day of September, 1881,

for the price of $21.81, which sum was applied as a credit on said executions.   The executions bear *teste* the 10th Monday after the 3d Monday of February, 1881.

D. M. Morrison, a witness for the plaintiffs, testified that he was deputy sheriff of Richmond county, and had the executions in his hand in favor of plaintiffs against Jowers, and made two levies, one on 7,000 or 8,000 pounds of cotton in a barn, and on farming implements, and one a few days after on the matured cotton in the field, and that he afterward sold 1,897 pounds of seed cotton and the said crop, F. M. McNeill being the purchaser for plaintiff; there were between 30,000 and 40,000 pounds of cotton in the field, and he delivered the cotton to McNeill for plaintiffs.   *   *   * McNeill announced that he was agent for the plaintiffs, and the sale under execution was made in the edge of the Jowers field, in Richmond county.

Other witnesses testified as to the sale, quantity of cotton, &c.

John Leach, one of the defendants, was then introduced, and testified that he knew the crop in dispute, and was at the sale ; that McLean and Leach had the cotton gathered and used it, and applied it to accounts; they had advanced Jowers between $1,500 and $2,000 worth; before the first levy, they had advanced $800.00 or $1,000.00.   Morrison told witness that he was there to levy.   *   *   *   * They (defendants) had possession of and were gathering the crop when he (Morrison) came the second time.   Jowers had delivered the crop to the defendants before Morrison had been there at all.   *   *   *   * The land is in Robeson and Richmond counties.   *   *   *   * Defendants were in possession at the time of the sale.   Jowers said that they (defendants) were interested in the crop for supplies, and he turned it over to them.

Plaintiffs rested their case, and the defendants offered in evidence two agricultural liens, one for $700.00 and one for

$300.00, dated April 1st, 1881, due October 1st, 1881, and another dated August 11th, 1881, due October 1st, 1881, for $700.00, executed by J D. Jowers, for all crops made. The lien for $300 conveyed the crops raised in Robeson, and the other two, the crops raised in Richmond—the last two were recorded in Richmond only.

The defendant Leach testified that they (defendants) advanced to Jowers, under these liens, between $1,200 and $1,500. The two mortgages on Richmond crops amounted to $1,400, on Robeson crop to $300.

It was announced publicly, before the sale, that the defendants claimed the crop.

Upon cross-examination he said, that up to August 11th, 1881, he had advanced to Jowers $1,171.50; after that time to the 6th September, $177.70. Jowers was living at Shoe Heel in 1881, and had been for three or four years. He announced at the sale, that Jowers had turned over the property to defendants and that they claimed it under liens.

J. D. Jowers, defendant in the execution, testified: That he executed the liens to McLean & Leach; owed them large amounts; turned over the entire crops to them before the levy by Morrison, to make their money; after that, he had no control over the crops; turned them over to them for advancements furnished; did not know at the time what he owed them; did not balance any account; got credit afterwards.

N. A. McLean testified, that he was at the sale representing the defendants; that he forbade the sale, announcing publicly that they claimed the property under liens, and because Jowers had turned it over to them.

John Leach recalled, said they (defendants) shipped the cotton—sold it and gave credit for the cotton for the year; amount of sales, $2,046. Charged Jowers with the expense of gathering the crop. $2,046 worth of cotton was made on the Jowers place.

Four issues were submitted to the jury, the first relating to the partnership of the plaintiffs and not controverted.

2d. Were the plaintiffs the owners of the property described in the complaint on the 22d of September, 1881? Answer—No.

3d. Did defendants wrongfully convert the same, or any part of it? Answer—No.

4th. What damages, if any, have the plaintiffs sustained? Answer—None.

The plaintiffs asked the Court to charge the jury: "That the lien of the execution related to the date of it, the 10th Monday after the 3d Monday in February, 1881, if the jury believe the evidence, and if the jury believe from the testimony, that the property described in the complaint was levied on and sold by the sheriff, and that the plaintiffs became the purchasers, they are entitled to recover, unless before the levy was made, the defendants became and were *bona fide* purchasers of the said property from J. D. Jowers for value."

The Court declined to charge that in this case the lien of the execution related to the teste, but gave the remainder of the prayer. And this constitutes the first ground of exception. In §448 of *The Code*, it is expressly declared that, "no execution against the property of the judgment debtor shall be a lien on the personal property of such debtor, as against any *bona fide* purchaser from him for value, or as against any other execution, except from the levy thereof," and there was no error in refusing the charge, in the terms requested, and in giving it as modified by his Honor.

The second prayer was: "That if the jury believed the testimony of John Leach, one of the defendants, the defendants were not *bona fide* purchasers of the said property, and the plaintiffs are entitled to recover."

This was refused, and is the second ground of exception.

There was no error in refusing this charge. It would be

error to single out the testimony of one witness, when there are others testifying to the same matters, and charge the jury that if they believed that witness, they must find in accordance with his testimony. *Jackson* v. *Commissioners of Greene*, 76 N. C., 282, and the cases there cited.

The third prayer was: "That the lien for $700, April 1st, 1881, is void as to the creditors of J. D. Jowers, because it was recorded in Richmond county, and J. D. Jowers then resided in Robeson county."

This was properly declined, because it involved an expression of opinion as to the facts of the case, and so the third exception cannot be sustained. We need not refer to authorities to maintain the position that, in his charge, the Judge can express no opinion upon the facts.

The fourth ground of exception was the refusal to instruct the jury: "That the lien of $700, August 11th, 1881, which was recorded September 3d, 1881, only purports to convey to secure future advances, and does not secure any advances made before that time, and conferred no title on defendants, except to secure future advances, and that said lien was void as to the creditors of Jowers, and as to plaintiffs, because it was recorded in Richmond county, and the said Jowers resided in Robeson county."

His Honor refused to give the charge in the express words, for the same reason as the third, and because it involved an expression of opinion as to Jowers' residence, but that part of it which related to its being security for future advances alone, was given. There was no error in this of which the plaintiffs can complain.

The fifth ground of exception was the refusal to charge, as requested: "That the lien for $700, dated August 11th, 1881, and which was recorded September 3d, 1881, was void as to creditors until it was recorded, and that if the jury believe the testimony of John Leach, the defendants had only advanced $300.00, and that if the said Jowers trans-

ferred all the property as testified, to secure the said sum, would be fraudulent in law, and the plaintiffs are entitled to recover."

His Honor refused to give this instruction, and charged the jury, that the plaintiffs, claiming as purchasers under execution against Jowers, could only get such an interest as Jowers had, but if the two liens registered in Richmond county were valid and subsisting at the time of the levy and sale, plaintiffs could not recover, if the liens conveyed the crops; that if Jowers was a resident of Robeson county, the liens having been registered in Richmond county alone, were inoperative as against the creditors of Jowers."

To this the plaintiffs excepted. This exception cannot be sustained.

Upon a review of the record, we find no error in the rulings of His Honor, of which the plaintiffs can complain, and the judgment must be affirmed.

No error.                                    Affirmed.