R. P. TAYLOR AND WIFE, BETTIE TAYLOR, v. JOSEPH F. MEADOWS ET AL.

(Filed 28 April, 1915.)

**1. Pleadings—Allegations—Title to Lands.**

Where the plaintiff alleges in his complaint that he is the owner of certain lands, which is denied by the defendant, he is entitled to recover them upon the strength of any superior title he may have thereto which he is able to establish.

**2. Same—Deeds and Conveyances—Devises—Tenants in Common—Evidence—Estoppel.**

An owner of lands mortgaged a part thereof, the mortgage was foreclosed, and the *feme* plaintiff acquired a deed as purchaser at the sale. The defendant claimed from the same owner a part of the original tract by mesne conveyances. The lands of both parties were either adjoining or adjacent to each other. The plaintiff further put in evidence the will of the original owner disposing only of personal property, testifying that male plaintiff was one of the heirs at law. The plaintiff testified on the trial that in establishing the true divisional line under the descriptions in the foreclosure deed to *feme* plaintiff she would be the owner of the *locus in quo*. *Held*, the plaintiff was entitled to recover his interest in the lands as one of the heirs of his father as tenant in common with the other heirs, if the foreclosure deed did not cover the lands in dispute; and is not concluded by his testimony that the land was included in the boundaries of said deed, and it was reversible error for the trial judge to charge the jury that his right of recovery depended entirely on the question raised by the issue as to the location of the true divisional line, according to the foreclosure deed.

**3. Actions—Tenants in Common—Title Denied—Recovery.**

A tenant in common may recover his interest in the lands held in common, on denial of his ownership, and, as against a trespasser who is a stranger to the common title, he may in proper instances be allowed to recover the entire property.

APPEAL by plaintiff from *Rountree, J.,* at November Term, 1914, of GRANVILLE.

Civil action to recover a narrow strip of land abutting 30 to 35 feet on Williamsboro Street in the town of Oxford, and on complaint by R. P. Taylor and wife, Bettie Taylor, alleging generally that they were owners of the land in controversy, describing it, and that defendants were in the wrongful possession of the same, and answer of defendants

denying the allegations.   Among other testimony, the will of L. C. Taylor, father of male plaintiff, was put in evidence, in terms as follows:

(1) I appoint my son, Richard P. Taylor, executor of my estate.
(2) After my death, that all my just debts be paid, and if there is any money remaining, that a neat monument be placed at the head.
(3) That the balance be divided equally between Charles A. Taylor, Mrs. R. L. Hines, James A. Taylor, and Richard P. Taylor.

LEONIDAS C. TAYLOR.

In the opening portion of his Honor's charge he instructed the jury as follows: "It is admitted that the land originally belonged to Dr. L. C. Taylor, and his will has been put in evidence.   As I remember it, the will devised the property, or provided that the property should be divided among his children.   There has been no evidence introduced before you as to whether or not that went to Mr. Taylor, or to any other of the heirs of Dr. Taylor.   In the absence of that evidence, the burden being upon him, his title would fail upon that ground, and he would only be entitled to recover upon the ground of the deed from Crews, or deed to Mrs. Taylor.   The question for you to decide is whether plaintiff has shown to you by the greater weight of the evidence whether this strip or any portion of it is covered by the deed from Crews to Taylor.   If it is, answer the issue 'Yes'; if it is not, answer the issue 'No.'   If you don't know how it is from the evidence, and your minds are left in doubt, you should answer it 'No.' "

On issues submitted there was verdict for defendant.   Judgment accordingly, and plaintiff excepted and appealed.

*R. W. Winston, Jr., for plaintiffs.*
*Hicks & Stem, B. S. Royster for defendants.*

HOKE, J.   There were facts in evidence tending to show that in 1880 Dr. L. C. Taylor, father of male plaintiff, owned a large lot of land in the town of Oxford, abutting on Williamsboro Street, and in that year he conveyed a half acre of same, thereafter known as the prize-house lot, extending 135 feet along said street and lying east of his residence lot, to Walter Biggs, and the lot has passed by successive conveyances to Kader Biggs, to J. M. Currin, and then, by commissioner's sale and deed, to defendant Meadows, who is now in possession, claiming to be the owner and that his deeds cover the land in controversy; that in 1881 L. C. Taylor mortgaged the remaining portion of his land, or what he intended to be the remaining portion, the description not being by metes and bounds, and in 1893, on foreclosure sale, the land was conveyed to *feme* plaintiff, Bettie Taylor, purchaser at the mortgage sale, and in this

deed there were descriptive words tending to show that the divisional line between the properties was regarded by the parties as the "yard fence of L. C. Taylor."

There were further facts in evidence on the part of plaintiffs tending to show that the correct divisional line between the properties was 30 to 35 feet east of this yard fence and leaving the strip of land in controversy on plaintiffs' side of the line, also that the true location of the successive deeds conveying the prize-house lot, beginning with that from L. C. Taylor, did not cover the land in controversy.

On this testimony, the proof showing further that L. C. Taylor had died leaving male plaintiff and three others as his children and heirs at law, and the will making no disposition of the land, we are of opinion that reversible error was committed in restricting plaintiffs' right of recovery to the land conveyed to *feme* plaintiff under the foreclosure deed, for although this deed may not have included the land sued for, there were facts in evidence permitting the conclusion that the male plaintiff, as heir of his father, was entitled to recover the land, or at least his interest in it. It is well established that a tenant in common, on denial of his ownership, may recover his interest and, as against a trespasser who is a stranger to the common title, he may at times be allowed to recover the entire property. *Moody v. Johnston,* 112 N. C., 804; *Allen v. Salinger,* 103 N. C., 14. And the allegations of ownership in the pleadings being general in their nature, the plaintiffs should have been allowed to proceed upon any title that they could establish on the testimony. *Davidson v. Gifford,* 100 N. C., 18. In the case cited the principle is stated as follows: "When the complaint in ejectment does not set up any particular evidence of title in plaintiff, or that plaintiff claims under any specified title, the plaintiff is at liberty, on the trial, to prove title in himself in any way he can, allowed by law." And the position is not affected by the fact that Dr. Taylor's widow may also survive, him, for, until dower allotted, the title descends to the heirs of the owner. *Fishel v. Browning,* 145 N. C., 71.

It is alleged for defendant that the male plaintiff claimed on the witness stand that the deed to his wife covered the property in dispute, and testified to facts tending to show it, and insisted on his right to recover on that theory; but this may not be allowed to affect the result. The witness, no doubt, believed that the deed to his wife covers the property, and testified in that belief, but the fact that he did so should not be held as a retraxit or as an estoppel preventing him from recovery on any title shown forth in evidence.

There is error in the ruling, as indicated, and the issue must be submitted to another jury.

New trial.