R. P. TAYLOR ET AL. v. J. F. MEADOWS ET AL.

(Filed 26 October, 1921.)

**Instructions—Evidence—Testimony of One Witness—Excluding Testimony—Trials—Appeal and Error.**

. Where the dividing line, or lines, between·the lands of the plaintiff and defendant are in dispute in an action of·ejectment, and deeds and maps of survey relating thereto are in evidence, together with the testimony of the surveyor, an instruction, in effect, that the jury render their verdict accordingly, without regard to the oral testimony offered by either side to show the proper location of the lines, is erroneous in singling out the testimony of one witness by name, and also in taking his evidence out of its proper setting in its relation to the other evidence, which may have tended to modify or explain it.

APPEAL by defendants from *Horton, J.,* at April Term, 1921, of GRANVILLE.

Civil action in ejectment. The *locus in quo* in a small strip of land 30 feet wide by 161 1-3 feet long, situated on the north side of Williamsboro Street in the city of Oxford. The facts are fully set forth in 175 N. C., 373, where this case is reported on a former appeal, and the evidence as there stated is substantially the same upon the present record.

From a verdict and judgment in favor of plaintiffs, the defendants appealed.

*A. W. Graham & Son, A. L. Brooks, James A. Taylor, and D. G. Brummitt for plaintiffs.*
*Hicks & Stem, Parham & Lassiter, Royster & Royster, and T. T. Hicks & Son for defendants.*

STACY, J. The case at bar has been tried three times in the Superior Court, and this is the third appeal here. Former opinions reported in 169 N. C., 124, and 175 N. C., 373. As desirable as an ending of this litigation would seem, we are unable to sustain the following portion of his Honor's charge, which was given at the request of the plaintiffs, and to which the defendants have specifically excepted:

"That if from the calls in the deeds and the map of survey offered in evidence, and the testimony of the surveyor explaining such survey, you are satisfied as to the proper location of the several lines bounding the land in dispute, then it would be your duty to act upon the same and render your verdict accordingly without regard to the oral testimony offered by either side tending to show the proper location of the line or lines."

WILLIAMS *v.* R. R.

This instruction was erroneous, because its effect was to give undue credit to the testimony of the surveyor. The plaintiffs were not entitled to have the court single out by name any one witness from among all the others, who had testified to the same matter, and tell them that if they were satisfied from his evidence, taken in connection with the deeds and the map, they should render their verdict accordingly. This was in direct conflict with a number of our decisions. *Cogdell v. R. R.,* 129 N. C., 398; *Jackson v. Comrs.,* 76 N. C., 282; *Anderson v. Steamboat Co.,* 64 N. C., 399. In *Weisenfield v. McLean,* 96 N. C., 248, Davis, J., speaking for the Court, said: "It would be error to single out the testimony of one witness, when there are others testifying to the same matters, and charge the jury that if they believed that witness, they must find in accordance with his testimony." And this for the very good reason, among others, that though the witness may speak truthfully, yet his evidence is given in the light of other testimony which may tend to modify and explain it, and it would be improper to take it from its own setting. *Willey v. Gatling,* 70 N. C., 410.

There are other exceptions appearing on the record worthy of consideration, but we apprehend they will not arise on another hearing.

For the error, as indicated, the cause must be tried again, and it is so ordered.

New trial.