R. P. TAYLOR ET ALS. v. J. F. MEADOWS ET ALS.

(Filed 31 October, 1923.)

**Appeal and Error—Stare Decisis.**

> Upon this fourth appeal: *Held*, there was no prejudicial error to the appellant in the rulings of law by the trial judge, which is substantially in accordance with the rulings of the decisions heretofore herein rendered by this Court.

APPEAL by defendants from *Bond, J.,* at April Term, 1923, of GRANVILLE.

This is the fourth time that this case, which began 3 April, 1914, has been before the Court. It was here previously, *Taylor v. Meadows,* 169 N. C., 124; 175 N. C., 373; 182 N. C., 266.

On the first appeal it was held error to charge that R. P. Taylor could not recover his share in the disputed lot as one of the heirs at law of his father, Dr. L. C. Taylor, if his wife, who had purchased at a mortgage sale, should fail to recover. On the second trial, the devisees of Dr. Taylor and the heirs of himself and wife, to whom he conveyed a two-thirds interest in the land, were made parties plaintiff and filed

TAYLOR *v.* MEADOWS.

a complaint alleging that they were the owners of the land in dispute if the court should hold that the wife of R. P. Taylor was not the owner thereof.

On this second trial, Connor, J., at first admitted the parol evidence of the defendants as to acts of user, and then, on motion of plaintiffs, excluded the same from the consideration of the jury, who brought in a verdict for the plaintiffs. On appeal, this Court held that there was error in excluding this evidence.

At the third trial, Horton, J., allowed defendants to introduce all their oral testimony, and the jury again brought in a verdict for the plaintiffs. On appeal, this Court held that the judge had unduly emphasized the testimony of the court surveyor and sent the case back for a new trial.

On this fourth trial, nearly every possible proposition of law and of fact having been debated heretofore and on this trial, the jury again brought in a verdict for the plaintiff.

It is admitted by both sides that Dr. L. C. Taylor was the ancestor in blood of all the plaintiffs except Mrs. Betty R. Taylor, who is the wife of his son, and was the ancestor in title of both the plaintiffs and defendants, and that he formerly owned all the lands shown on the map by the court surveyor, Mr. Foster.

The land in controversy is a strip fronting on Williamsboro Street, Oxford, 28 feet wide and 161 1-3 feet long. The defendants in the answer do not deny the allegation in complaint that the annual rental value of the same is $25. Upon the issues submitted the court found that the plaintiffs were entitled to the land in dispute and that the defendant, J. F. Meadows, is in wrongful possession. Judgment accordingly. Appeal by defendant.

*A. W. Graham & Son and D. G. Brummitt for plaintiffs.*

*Hicks & Stem, Royster & Royster, T. T. Hicks & Son and Parham & Lassiter for defendants.*

CLARK, C. J. The case was elaborately and most ably argued in this Court, extra time being allowed for its consideration. It is the fourth time that the case has been presented here, and it is stated that it took four days for the trial below on the last occasion alone. There are numerous exceptions and, by very able briefs in addition to the oral argument, every possible contention was presented for our consideration. We do not think, however, that there is any new proposition of law presented whose restatement by the Court would be of service to litigants.

The case having been tried three times before, nearly every question of law and of fact has been heretofore discussed, and the judge seems to have followed carefully the previous rulings of the Court in the matter. Indeed, on this appeal the argument seems to have almost entirely been a debate upon the facts, of which the jury are the proper and appropriate tribunal, and they have for the third time rendered their decision in favor of the plaintiffs. If there were any error of law committed we do not think that it was such as would have affected the verdict.

The jury on this trial had the law fairly and clearly placed before them by the judge in his ruling and in his charge, and every fact bearing upon the case was fully presented and doubtless carefully considered by the jury.

After a full and careful consideration of all the exceptions, upon the whole case, we think that substantial justice has been attained, and in the trial below we find

No error.