W. H. PORTER v. PERRY M. ALEXANDER, J. E. PATTON, and NATIONAL SURETY COMPANY.

(Filed 31 January, 1928.)

**1. Trover and Conversion—Acts Constituting Conversion—Persons Liable.**

When the plaintiff was a subcontractor for the building of a State highway, and on abandonment of the principal contractor of the work, the plaintiff's property or materials has been sold with that of the original contractor, and the proceeds applied to the completion of the work by the surety on the contractor's bond, an action of conversion will lie, and the value of the plaintiff's property thus sold may be recovered against the surety on the bond of the original contractor.

**2. Trover and Conversion—Acts Constituting Conversion.**

Where in an action of conversion, the plaintiff's property has been taken and converted by the defendant, and converted into money and used by it, it is not required that a demand for its value should have been made before the commencement of the action.

**3. Same.**

> The taking of the property of another, and in denial of his title, retaining possession and claiming and exercising the right of ownership is a wrongful conversion, upon which an action will lie.

APPEAL by National Surety Company from *Harding, J.* From HAYWOOD. Affirmed.

The plaintiff was engaged in the construction of a State highway in Haywood County as a subcontractor of the defendants Alexander & Patton; and in March, 1923, he left with them his equipment, scrapes, machinery, and other articles. In June he went home, and upon his return found that Alexander & Patton had abandoned their contract with the State Highway Commission, and that certain of their property, together with his machinery and equipment, were in the custody of Nelson Moore, who held it as the agent of the National Surety Company, against whom the action was prosecuted for conversion.

The cause was referred by consent, and the referee found as facts: (1) That the plaintiff was the owner of certain road-grading equipment, consisting of various implements, etc., of the value of $431.50, which the National Surety Company had taken into its possession; (2) that all this property, with equipment belonging to Alexander & Patton, had been sold either by the National Surety Company (surety on the bond of Alexander & Patton) or by the State Highway Commission, and that the proceeds had been used in connection with the completion of the highway, the Surety Company being obligated under its bond to complete the work upon failure of the bonded contractor, and that the National Surety Company had directly or indirectly received the benefit of the proceeds of the plaintiff's property; (3) that the value of the plaintiff's property, which had been sold, was $431.50.

Upon these facts the referee concluded as a matter of law: (1) That the National Surety Company having received the benefit of the proceeds of the sale of the plaintiff's property, and having thus been relieved of liability to the extent of the amount received for said property, the plaintiff was entitled to have settlement for said property at its reasonable market value at the time it was taken over and sold; (2) that the value having been determined to be $431.50, the plaintiff is entitled to judgment for this item.

The Surety Company filed exceptions, the report was confirmed, and judgment rendered for the plaintiff, from which the defendant appealed upon error assigned in its exceptions.

*Rollins & Smathers* for plaintiff.
*Mark W. Brown* for *National Surety Company.*

ADAMS, J.　The appellant excepted to the court's refusal to dismiss the action as in case of nonsuit, assigning as ground for its exception the lack of evidence to show its conversion of the plaintiff's property. Granting the plaintiff, in accordance with the accepted rule, all inferences that may reasonably be drawn from the evidence, we are of opinion that the exception should not be sustained.

The law of conversion was developed through the common-law action of trover, which was applicable to cases in which the plaintiff had lost goods that were afterwards found and appropriated by the defendant. The referee found in effect that the sale was made by the defendant or by the State Highway Commission for its benefit; but conversion of the plaintiff's property was not necessarily dependent on the alleged sale. The basis of the action is the loss to the plaintiff, and such loss may be caused by the defendant's wrongful assumption of dominion over the property. Retaining personal property in denial of the owner's right is no less a conversion than is wrongfully taking or destroying it, the detention constituting an unwarranted assumption of title. Hale on Torts, sec. 204 *et seq.; Nichols v. Newsom,* 6 N. C., 302; *Carraway v. Burbank,* 12 N. C., 306; *Hare v. Pearson,* 26 N. C., 75; *Glover v. Riddick,* 33 N. C., 582; *Rhea v. Deaver,* 85 N. C., 337.

Considered in the light most favorable to the plaintiff, the evidence tended to show that the defendant took possession of the plaintiff's property when it had no substantial claim of right to it, and instructed its agent, who had the actual possession and was informed of the plaintiff's title, "not to let anybody have anything"; that the property was afterwards sold, and that the defendant thereby suffered loss.

It was said that upon his own admission the plaintiff did not make a formal demand of the defendant before bringing suit; but the plaintiff contends that the conversion was effected when the property was wrongfully taken, and that a formal demand for its return was not an incident necessarily precedent to the institution of the action. In *University v. Bank,* 96 N. C., 280, the Court quoted with approval Chitty's statement that "in the case of a conversion by wrongful taking, it is not necessary to prove a demand and refusal." Furthermore, it is perfectly evident that a formal demand would not have availed the plaintiff because the defendant's agent had been specifically instructed to retain possession of the property. In this view of the case, we deem it unnecessary to pursue the inquiry whether the sale was made by the defendant or by the State Highway Commission, though we must not be understood as saying that there was no evidence tending to sustain the referee's finding, approved by the judge, that the sale of the plaintiff's property was made for the benefit of the defendant.

There was evidence in support of the defendant's position; but the determinative question is whether in any view of the testimony the plaintiff's theory can be maintained, and this question has been resolved against the appellant. The judgment is
Affirmed.