WRIGHT GROSS v. T. C. MCBRAYER.

(Filed 15 May, 1912.)

1. **Issues Sufficient—Appeal and Error.**

Issues are sufficient when they embrace all matters in dispute and afford an opportunity for the parties to present and develop their contentions, and, when answered, are sufficient to determine the rights of the litigants and to support the judgment.

2. **Judgments—Execution Sales—Fraud—Burden of Proof.**

In an action to set aside a judgment and sale for fraud in procuring title to lands, the burden is upon the plaintiff to establish the fraud complained of by the greater weight of the evidence.

3. **Judgments—Execution Sales—Lands—Remote Values—Evidence —Harmless Error.**

In an action to set aside a judgment and sale for fraud in procuring title to lands, a plaintiff's evidence offered to show their value many years before the sale complained of was too remote, and inadmissible. There was barely sufficient evidence of fraud to be submitted to the jury, but the plaintiff cannot be heard to complain that the jury were permitted to consider it.

APPEAL by plaintiff from *Long, J.,* at August Term, 1911, of RUTHERFORD.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*D. F. Morrow and Quinn & Hamrick for plaintiff.*
*McBrayer, McBrayer & McRorie and Murray Allen for defendant.*

WALKER, J. This action was brought to impeach the sale of land under a decree for a foreclosure. The plaintiff, in one

section of his complaint, seeks to recover $1,000 as damages resulting from a fraudulent sale of the land, and, in the prayer, he demands judgment that defendant be declared a trustee for him, that he be required to account to him for rents and profits received, and that a sale of the land be ordered and the proceeds applied according to the rights of the parties. In the one view there would be a ratification of the sale and an election to recover damages for the fraud, and in the other there would be a repudiation of the sale. But we do not consider it material which view we take of the action. The following appear to be the facts: On 12 November, 1893, Sherman Gross gave his note to the defendant for $350, and to secure the same he, at the same time, executed a mortgage upon 52 acres of land. Sherman Gross died in June, 1897, leaving his widow, Eliza Jane Gross, and an infant son, Wright Gross, who is plaintiff in this case. The mortgagee commenced a suit on 27 October, 1898, for a foreclosure of the mortgage, alleging that there was due, at that time, on the debt, the sum of $312.40. Summons was duly served upon the widow and on Wright Gross, the minor, and a guardian *ad litem,* R. W. Logan, was duly appointed for the minor, who was under fourteen years of age. The widow filed an answer and the guardian was notified to file his answer. There appears on the back of the widow's answer the following: "Answer of guardian filed 31 December, 1898." The administrator was a party to the suit and served with process. A judgment was rendered for the debt and a sale of the land, which was afterwards sold by the commissioner and bought by the mortgagee, who is the defendant in this case. The sale was duly reported and confirmed by the court, and a deed made to the purchaser, who has since sold the land to other parties. It is not very clear, from a reading of the complaint, what is the particular fraud alleged against the defendant, but we gather that he prosecuted the foreclosure suit to judgment and bid it off at the sale, when he knew that plaintiff, Wright Gross, was a minor and under "a pretended appointment of a guardian *ad litem* for him, and without any answer having been filed by him, as plaintiff is informed and

believes, he did not have his day in court." The court submitted two issues to the jury, which, with the answers thereto, are as follows:

1. Did the defendant with intent to cheat and defraud the plaintiff, under a pretended mortgage and judgment, have the land bid in at the sale for himself, as alleged in the complaint? Answer: No.

2. Did the defendant procure judgment for sale of the lands by securing a pretended appointment of a guardian *ad litem* for the plaintiff, as alleged? Answer: No.

Plaintiff objected to these issues, but tendered no issues himself. It seems to us that the issues submitted by the court were those made by the pleadings, and if the plaintiff desired any other issue, he should have tendered it. When issues embrace the real matters in dispute and afford an opportunity for the parties to present and develop their contentions, and, when answered, are sufficient to determine the rights of the litigants and to support the judgment, they are sufficient within the requirement of the statute. *Clark v. Guano Co.,* 144 N. C., 64; *Shoe Co. v. Hughes,* 122 N. C., 296; *Hatcher v. Dabbs,* 133 N. C., 239 (Anno. Ed.) and notes. This exception is, therefore, overruled.

There was evidence which, if believed, was sufficient to support the verdict, and it was submitted to the jury under proper instructions from the court. The plaintiff excepted to an instruction of the court, by which the jury were told that the plaintiff must establish the affirmative of the issues by the greater weight of the evidence, but this is not unfavorable to the plaintiff, and he has no reason to complain of it. This is an action to set aside the judgment and the sale for fraud in procuring title. The plaintiff was required to take the laboring oar and the burden rested upon him to make good his allegation of fraud.

There was evidence that the land brought its full value at the sale, and that which the plaintiff offered, to show its value, not at the time of the sale, but many years before, was too remote to have any bearing upon the question. The court allowed the plaintiff much latitude in his attempt to show the value of

the land at the time of the sale, as a circumstance involved in the issue of fraud. It may well be doubted if the plaintiff offered any evidence of fraud sufficient for the consideration of the jury, but he cannot complain, as the court permitted the jury to hear what evidence there was and to pass upon the issue of fraud. The charge was very fair and liberal to the plaintiff, and an adverse verdict has been the result upon what was substantially a mere question of fact.

We find no error in the case.

No error.