R. H. GARRIS ET ALS. v. A. L. HARRINGTON ET ALS.

(Filed 21 October, 1914.)

**Trials—Dividing Boundaries—Burden of Proof.**

> The burden of proof is on the movant or plaintiff, in proceedings to establish the true dividing line between his own lands and those of adjoining owners, which is not affected by the fact that the defendant sets up another line as the true one; and an instruction that puts the burden of proof on plaintiff to establish the line contended for by him, and upon the defendant to establish the line he claims, is reversible error as to the latter.

APPEAL by defendants from *Daniels, J.;* at April Term, 1914, of PITT.

This is a proceeding to establish the dividing line between the plaintiff and defendant.

The plaintiff contends that the true line is from A to B on the plat, and the defendant, that it is from C to A, the land in dispute being a triangle between the lines A B and A C.

Both parties introduced evidence to sustain their contentions.

The jury returned the following verdict:

"1. What is the true dividing line between the plaintiffs and defendant? Answer: 'A B.'

"2. Have the defendants been in possession of the lands lying south of the line indicated by 'C to A' for more than seven years, adversely, under color of title? Answer: 'No.'

"3. Have the defendants been in possession of the lands lying south of the line indicated by 'C to A,' adversely, for more than twenty years? Answer: 'No.' "

His Honor charged the jury, among other things: "If the evidence satisfies you by its greater weight, the burden being upon the plaintiff to establish the line as contended for by him, that this ash was established as a corner at that time and marked, and that a line was run and marked from that point north 77 west 66½ chains with the intention and purpose of making that the dividing line between the two tracts, then your answer to that issue would be the line 'A to B'; that would be finding that the plaintiffs' contention is the true dividing line."

And again: "The defendant contends that upon that evidence you ought to be satisfied that the true dividing line established at the time these lands were divided was the line C to A. The burden is upon him to satisfy you by the greater weight of the testimony of the truth of his contention; and if he has, you will find that the true dividing line and answer this issue C to A." The defendant excepted.

There was a judgment in favor of the plaintiff, and the defendant excepted and appealed.

. GARRIS *v.* HARRINGTON.

*Harding & Pierce and F. G. James & Son for plaintiff.*
*D. M. Clark, Harry Skinner, and L. G. Cooper for defendant.*

ALLEN, J. The plaintiff became the actor, and assumed the burden of proof to establish the true line between him and the defendant, when he instituted the proceeding (*Hill v. Dalton,* 140 N. C., 9), and this burden of proof did not shift to the defendant because, in addition to denying the line to be as claimed by the plaintiff, he alleged another to be the dividing line.

The precise question was considered and decided in *Woody v. Fountain,* 143 N. C., 66. In that case, which was a proceeding to establish a dividing line, the plaintiff alleged the true line to be at a certain place. This was denied by the defendant, and he alleged the true line to be at another place. The issue submitted to the jury was like the one in the record before us, and it was held to be error to charge the jury that "If they should find from the greater weight of the evidence in this case that the original and true line between the plaintiff and defendant is as claimed by defendant, then you will answer this issue (as to boundary) in his favor," the Court saying of this instruction: "This was, in effect, telling the jury that the issue could not be answered in the defendant's favor unless they found the greater weight on his side. The burden of proof is on the plaintiff to establish the line contended for by her. *Hill v. Dalton,* 136 N. C., 339; *s. c.,* 140 N. C., 9."

The charge given cannot be distinguished from the one declared to be erroneous, and there must therefore be a

New trial.