JOHN S. TILLOTSON v. H. A. FULP AND WIFE, ELLEN.

(Filed 15 November, 1916.)

**Instructions, Conflicting—Deeds and Conveyances—Dividing Lines—Burden of Proof—Appeal and Error.**

Where the dividing line between adjoining owners of lands is in dispute, the plaintiff claiming one location to be the true one, and the defendant claiming it to be at another place, the burden of proof is on the plaintiff to establish the line as claimed by him, and an instruction which places this burden upon him and at the same time places the burden on defendant to show its location according to his contention, is conflicting, and reversible error to the defendant's prejudice.

TILLOTSON *v.* FULP.

CIVIL ACTION tried before *Shaw, J.,* at Fall Term, 1915, of STOKES, upon these issues:

1. Where is the true dividing line between lots Nos. 3 and 4, referred to in the pleadings? Answer: "From black A to black B."

2. Is the plaintiff the owner and entitled to the possession of the wood and timber described in the complaint? Answer: "Yes."

3. What was the value of the wood and timber removed by the defendant? Answer: "$25."

4. What was the value of the wood and timber seized by the sheriff in this action? Answer: "$15."

5. Is the *feme* defendant the owner and entitled to the possession of the timber and wood described in the pleadings? Answer: "No."

6. What is the value of the wood and timber removed by the plaintiffs from the lands in controversy? Answer: ........

From the judgment rendered, defendants appealed.

*J. D. Humphreys, J. W. Hall for plaintiff.*
*J. H. Clement, E. B. Jones, C. O. McMichael, N. O. Petree for defendants.*

BROWN, J. The court instructed the jury: "The plaintiff contends that the black line from black B to black A is the true dividing line. The burden is on the plaintiff to show this by the greater weight of the evidence, before you can find it. If the plaintiff, by the greater weight of the evidence, has shown that the true dividing line between lots 3 and 4 is the black line, as claimed by him, then your answer to the first issue will be the black line running from black B to black A."

The court further instructed the jury that the defendants contend that the true dividing line is the red line, and that the burden of proof is upon the defendants to establish it by the greater weight of evidence.

These instructions are conflicting and erroneous. The burden of proof cannot rest on both plaintiff and defendant in this case. The identical point is decided in *Woody v. Fountain,* 143 N. C., 66, and in *Garris v. Harrington,* 167 N. C., 86. In the last named case the Court in passing upon similar instructions said: "The plaintiff became the actor, and assumed the burden of proof to establish the true line between him and the defendant, when he instituted the proceeding; and this burden of proof did not shift to the defendant because, in addition to denying the line to be as claimed by the plaintiff, he alleged another to be the dividing line."

There can only be one true dividing line between the two tracts of

land, and upon the reason of the thing the burden of proof cannot rest on both plaintiff and defendant at the same time to establish that line.

New trial.