P. W. GARLAND, TRUSTEE, v. LUTHER C. ARROWOOD ET AL.

(Filed 5 December, 1917.)

**Evidence—Fraud—Bankruptcy—Appeal and Error—Reversible Error.**

Where a trustee in bankruptcy brings suit against the bankrupt for fraudulently investing his funds for improving his father's land in 1905 and 1906, evidence tending to show that he eventually received a large tract of land by devise from his father, and that in 1917 he was worth lands to a considerable valuation, is irrelevant, and constitutes reversible error.

CIVIL ACTION, tried before *Cline, J.,* at April Term, 1917, of GASTON.

There was a verdict for the plaintiff upon the issues. From the judgment rendered, defendants appealed.

*S. J. Durham and Mangum & Woltz for plaintiff.*
*J. W. Keerans and A. C. Jones for defendants.*

BROWN, J. It appears that the defendant Luther C. Arrowood was adjudged a bankrupt, June, 1910. The trustee brings this action to subject certain lands to the payment of funds that the bankrupt is alleged to have invested in improvements of his father's lands by erecting buildings thereon in 1905 and 1906, for the purpose of defrauding then existing creditors.

42—174

Upon the trial of these issues the defendants excepted because the court permitted plaintiff to show by defendant that he now owned 275 acres of land, embracing 244 acres which he eventually received under his father's will, and 31 acres which had been allotted to him as a homestead in the bankrupt proceedings, and to show that the valuation thereof was $10,000 to $12,000.

This evidence is irrelevant to the matters in controversy and should have been excluded. It was not harmless error, but well calculated to prejudice the minds of the jury against defendant. The fact that defendant Luther is now the owner of $12,000 worth of land is no evidence that he invested his funds some eleven years ago in improvements on the land during his father's life for the purpose of cheating and defrauding his creditors.

We can well understand how the forceful counsel for plaintiff could make a very strong plea, based upon such facts, to induce the jury to render a verdict for the plaintiff, trustee of the creditors.

We think the defendant's financial condition in 1917, and the value of his possessions then, furnish no evidence of his condition and throws no light upon his conduct in 1906. The transactions sought to be impeached by such evidence are too remote. *Gross v. McBrayer,* 159 N. C., 372.

New trial.