## THE SKYLAND HOSIERY COMPANY v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 13 December, 1922.)

**1. Evidence—Burden of Proof—Carriers of Goods—Express Companies— Loss of Shipment—Trials—Appeal and Error.**

In an action against an express company to recover a certain amount of currency alleged to have been stolen while in the defendant's possession under its contract of carriage, and delivered to it in a bag also containing silver money, sealed and delivered in the same condition to the plaintiff, the consignee, and opened by the plaintiff in the absence of the defendant's agents or employees, when the loss was first discovered, the burden of proof is on the plaintiff to show this fact in issue, upon the principle that this particular fact, necessary to be proved, was peculiarly within the plaintiff's knowledge, and this principle involving an important and indispensable right, it is reversible error for the trial judge to place the burden of proof thereof upon the defendant.

**2. Same.**

In an action against a common carrier to recover for the loss of or damage to a shipment of goods under a contract of carriage, the plaintiff must show the delivery to the carrier; an undertaking on the carrier's part, express or implied, to transport them; a failure of the carrier to perform its contract or duty, *i. e.*, nondelivery of the goods or delivery in a damaged condition; and upon the failure of the plaintiff to thus make out a *prima facie* case the carrier is not required to offer any evidence.

**3. Carriers of Goods—Express Companies—Contracts—Waiver—Limitation by Contract.**

The principles of law involved in this action to recover for a part loss in the shipment of currency, etc., while in defendant company's possession under its contract of carriage, relating to a waiver by the defendant of the stipulation that demands for the alleged loss be made against the carrier in ninety days, etc., and the commencement of the suit within a year, etc., are decided in *Dixon v. Davis, ante,* 207; *Thigpen v. R. R., ante,* 33.

APPEAL by defendant from *Lane, J.,* at the May Term, 1922, of HENDERSON.

Civil action to recover damages for failure to carry and to deliver a certain amount of money.

Upon denial of liability, and issues joined, the jury returned the following verdict:

"1. Was the currency in controversy delivered to the defendant at its office in Hendersonville, as alleged? Answer: 'Yes.'

"2. Was said currency delivered to the plaintiff by the defendant at its office in Flat Rock, as alleged? Answer: 'No.'

"3. Was claim in writing for the alleged loss of money presented to the agent of the defendant company by the plaintiff within 90 days from the date of the alleged loss, as provided in contract of shipment between plaintiff and defendant? Answer: 'No.'

"4. Was there a waiver of the right to have such claim made on the part of the defendant? Answer: 'Yes.'

"5. Was suit to recover for said alleged loss of money commenced within one year after said alleged loss by the plaintiff? Answer: 'No.'

"6. Was there a waiver of such agreement on the part of the defendant? Answer: 'Yes.'

"7. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: '$730, and 6 per cent interest from time of cause of claim, 20 September, 1919, to this date, 5 June, 1922.' "

From a judgment on the verdict in favor of plaintiff, the defendant appealed.

*Smith & Arledge for plaintiff.*
*Michael Schenck for defendant.*

STACY, J. It was alleged by the plaintiff that on 19 September, 1919, the First Bank and Trust Company of Hendersonville, N. C., delivered to the American Railway Express Company a bag of money, containing $730 in currency (treasury certificates) and $379.95 in silver coin, making a total of $1,109.95, the same being consigned to the Skyland Hosiery Company at Flat Rock, N. C. When the defendant delivered said bag to the plaintiff on the following day it was ascertained, according to the plaintiff's allegation, that the $730 in "currency" had been removed therefrom.

The defendant admitted receipt of a sealed bag, said to contain money, but denied, for want of sufficient knowledge or information, that it contained the treasury certificates, as alleged, and specifically denied that any amount of money was taken from said bag while in its possession or custody.

The defendant further alleged that the bag was delivered to the plaintiff at Flat Rock in the same condition, with the same contents, and under the same seal as when received by it at Hendersonville; that the plaintiff gave a clear receipt therefor; and that the plaintiff also failed to comply with the contract of shipment with respect to filing written notice of claim, and instituting suit within the time limits stipulated therein.

It was admitted on the trial by both parties that the bag in question was sealed when received by the defendant, and that it was also sealed

when delivered to the plaintiff. It will be noted that the issues relate only to the "currency" and not to the entire contents of the bag, as it is conceded the silver coin or specie was received by the plaintiff. With respect to the second issue, which was submitted over objection, his Honor placed the burden of proof on the defendant. In this we think there was error. In the first place, the issue, as framed, can hardly be said to arise on the pleadings. The defendant did not *allege* that it delivered the currency. It alleged that it delivered whatever it received. The plaintiff received the bag in a sealed condition, and it is admitted that no agent of the defendant was present when it was opened by the plaintiff. As to what it contained at that time is a fact peculiarly within the knowledge of the plaintiff. It is a rule of practically universal acceptance that where a particular fact, necessary to be proved, rests peculiarly within the knowledge of a party, upon him the law casts the burden of proving such fact. *Re the Medea,* 179 Fed., 786. This is but a just and reasonable requirement, because the fact in issue, though it may amount to a negative in form, is capable of affirmative proof by the party who knows, or who can easily ascertain, the truth of the matter. "From the very nature of the question in dispute," says *Mr. Best,* "all, or nearly all, the evidence that could be adduced respecting it must be in the possession of, or be easily attainable by, one of the contending parties, who accordingly could at once put an end to litigation by producing that evidence; while requiring his adversary to establish his case, because the affirmative lay on him, or because there was a presumption of law against him, would, if not amounting to injustice, at least be productive of expense and delay. In order to prevent this, it has been established as a general rule of evidence that the burden of proof lies on the person who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant." Principles of Evidence, sec. 274.

The rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the courts. *S. v. Falkner,* 182 N. C., 798, and cases there cited.

In an action against a common carrier to recover for the loss of or damages to a shipment of goods, the plaintiff must show: (1) delivery of the goods to the carrier; (2) an undertaking on his or its part, express or implied, to transport them; and (3) a failure to perform his or its contract or duty, *i. e.,* nondelivery of the goods or delivery in a damaged condition. 4 R. C. L., 915; 10 C. J., 372. "The plaintiff has a *prima facie* case when he shows the receipt of goods by the carrier

(as such), and their nondelivery or delivery in a damaged condition."
*Mitchell v. R. R.,* 124 N. C., 239.   But until this much is established,
the carrier is not required to offer any evidence.   *Mfg. Co. v. R. R.,* 128
N. C., 284; *Marquette, etc., R. Co. v. Kirkwood,* 45 Mich., 51.

With respect to the remaining exceptions, those relating to the third
and fifth issues, we are content to refer to the cases of *Dixon v. Davis,
ante,* 207, and *Thigpen v. R. R., ante,* 33.

For the error, as indicated, the cause must be remanded for another
·trial.

New trial.