### B. F. CARR ET AL. v. EUGENIA BIZZELL.

(Filed 29 September, 1926.)

**1. Evidence—Declarations—Boundaries—Ante Litem Motam—Interest—Lands—Title.**

In an action involving the true boundary line between adjoining owners of land, declarations of a former owner before any dispute arose, made against his interest while the defendant was in possession, who had no motive to falsify the facts declared, and was aware of the effect of his declarations, and the declarant was dead at the time his declarations were offered in evidence, are admissible.

**2. Boundaries—Burden of Proof.**

The burden of proof is on plaintiff in his action to locate the true dividing line between his own and the defendant's adjoining land.

**3. Appeal and Error—New Trials—Newly Discovered Evidence—Motions —Notice.**

The movant in the Supreme Court for a new trial for newly discovered evidence, is required among other things, to give his opponent at least ten days previous written notice to enable him to reply, and thus give the court information of the facts, unless upon application the court in its discretion fixes a shorter time.

APPEAL by defendant from *Daniels, J.,* at October Term, 1925, of WAYNE.

Special proceeding to establish the dividing line between adjoining lands of plaintiffs and defendant, with title drawn in issue, both sides claiming the land in dispute by adverse possession.

From a verdict and judgment in favor of plaintiffs, the defendant appeals, assigning errors.

*Dickinson & Freeman for plaintiffs.*
*Sutton & Greene and N. Y. Gulley for defendant.*

STACY, C. J. The exceptions addressed to the admission and exclusion of evidence, call for no particular elaboration. They are without substantial merit and cannot be sustained.

The ones mainly stressed on the argument relate to the admission of declarations against interest, made by owners of the land, under whom the defendant claims, while they, the declarants, were in possession of the premises asserting ownership thereof.

It appears that the declarations, quoted by the witnesses, were made before any dispute arose over the boundary line; that they were against the pecuniary or proprietary interests of the declarants, who had no probable motive to falsify the facts declared, and who were cognizant of the meaning and effect of said declarations at the time they were made; and that the declarants are now dead. This rendered the evidence competent. *Roe v. Journegan,* 175 N. C., 261.

The admissibility of such evidence was fully discussed in the case of *Smith v. Moore,* 142 N. C., 277, where it was said in an elaborate opinion by *Walker, J.,* reviewing the authorities on the subject, that declarations against interest, as to facts relevent to the inquiry, are admissible in evidence, even as between third parties, when it appears: (1) That the declarant is dead; (2) that the declaration was against his pecuniary or proprietary interest; (3) that he had competent knowledge of the fact declared; and (4) that he had no probable motive to falsify the fact declared. The rulings in the instant case come squarely within the authorities on the subject.

The trial court instructed the jury that as the plaintiffs were the actors, the burden of proof was on them throughout to establish by the

greater weight of the evidence the location of the true dividing line between the lands of the plaintiffs and the defendant. In this, there was no error. *Hill v. Dalton,* 140 N. C., 9. The burden of proof cannot rest on both parties at the same time. *Speas v. Bank,* 188 N. C., 524; *Tillotson v. Fulp,* 172 N. C., 499; *Garris v. Harrington,* 167 N. C., 86; *Woody v. Fountain,* 143 N. C., 66.

The remaining exceptions are equally untenable.

Upon the call of the case for argument in this Court, 16 September, 1926, the defendant lodged a motion for a new trial on the ground of newly discovered evidence, based on an affidavit taken 4 January, 1926. No notice was given to the opposing side of appellant's intention to make said motion, and for this reason, if no other, the motion must be denied. Speaking to a similar situation in *Herndon v. R. R.,* 121 N. C., 498, *Clark, J.,* said:

"It is proper to say that when a motion for a new trial for newly discovered evidence in this Court is contemplated notice of such motion should be always given the other side and a copy of the affidavits served therewith. The respondent should also serve a copy of his counter-affidavits, if time permits. Thus, there will be no surprise on either party, and the Court will be put in full possession of the facts. The appellant should give this notice at least ten days before the beginning of the call of the district to which the cause belongs, unless the information comes to him after that time, when the Court may shorten the notice and, if necessary, give the respondent time to file counter-affidavits. Code, sec. 595. New trials for newly discovered evidence are not favored in the trial court or on appeal, and the party moving on that ground must not only negative *laches* in himself in discovering the evidence relied on, but must give reasonable notice to the other party of the motion based thereon."

After a careful and painstaking investigation of the record, we are convinced that no reversible or prejudicial error was committed on the trial of the cause. The verdict and judgment will be upheld.

No error.