VIRGINIA-CAROLINA POWER COMPANY v. JOB TAYLOR.

(Filed 21 September, 1927.)

1. **Appeal and Error—Trials—Burden of Proof—Reversal.**

Where a party to a civil action has the burden of proof of the issue, it is a substantial right of the other party accorded him by the law, and the erroneous placing of this burden by the trial court is reversible.

2. **Ejectment—Title—Defenses—Adverse Possession—Burden of Proof— Appeal and Error—New Trials.**

The burden of proving title by sufficient adverse possession is on the defendant in ejectment relying thereon, and where the evidence of the plaintiff has tended to show a perfect chain of paper title, the defendant's title is deemed to be in subordination thereto, C. S., 432, and it is reversible error for the trial judge in effect to instruct the jury that the burden of disproving the defendant's evidence is on the plaintiff.

APPEALS by plaintiff and defendant from *Grady, J.,* at April Term, 1927, of NORTHAMPTON.

Civil action in ejectment to recover possession of a tract of land located in the bed of Roanoke River, a non-navigable stream.

Upon issues raised by denial of plaintiff's title and claim of ownership by adverse possession on the part of the defendant, the jury returned the following verdict:

"1. Is the plaintiff the owner of and entitled to the possession of the tract of land described in the complaint, being the bed of Roanoke River south of the thread thereof as indicated on the plot? Answer: No.

"2. Has the plaintiff, or those under whom it claims, been possessed of said land within twenty years before the commencement of this action? Answer: No."

Plaintiff alleges error in the following instruction relative to the burden of proof:

"And so, gentlemen, if you find in this case, from the evidence offered, that the defendant, Job Taylor, and those under whom he claims title, have been in the possession of these particular lands, the lands in controversy which are shown within the red lines on that map, for twenty years prior to 1921, as alleged in his answer, holding the same as their own, and that such possession was characterized by the qualities to which I have just called your attention, then, gentlemen, I charge you the said lands would belong to the defendant, and it would be your duty to answer both of these issues No. On the other hand, if the plaintiff has satisfied you by the greater weight of the evidence that the chain of title offered in evidence covers these lands in controversy, and that such chain is connected back to the grant of 1790, and it further satisfies you by the greater weight of the evidence that it and those from whom it acquired title have been in the possession of the said lands at any time within twenty years prior to 1921, or since 1901, such possession coming within the definition that I have given you, it would be your duty to answer both of these issues Yes; otherwise, answer them No."

Upon the coming in of the verdict defendant moved for judgment, which was refused. Defendant excepted. His Honor then set aside the verdict, not as a matter of discretion, but for errors committed in the trial of the cause, mentioning especially his ruling in holding void, or merely as color of title, a grant issued to William Eaton in 1790, under which the plaintiff claims. Defendant again excepted and appealed. The plaintiff also appeals, bringing up other exceptions in support of the action of the court in setting aside the verdict of the jury as a matter of law.

*George C. Green for plaintiff.*

*Travis & Travis, Burgwyn & Norfleet and Charles R. Daniel for defendant.*

STACY, C. J. The two appeals present the same questions for review, hence, they will be considered together. The case has been tried three times in the Superior Court, and this is the third appeal here. See former opinions, as reported in 191 N. C., 329, and 188 N. C., 351, for fuller statement of the facts. Its only rival among the more recent de-

·cisions seems to be the quadruply tried ejectment suit of *Taylor v. Meadows,* 186 N. C., 353; 182 N. C., 266; 175 N. C., 373; 169 N. C., 124.

We would not permit the case to go back for another hearing if the verdict could be reinstated without doing violence to settled principles of law. *Burris v. Litaker,* 181 N. C., 376. Verdicts and judgments are not to be set aside for harmless error, or for mere error and no more. *S. v. Beam,* 184 N. C., 730. Appellate courts will not encourage litigation by reversing judgments for slight error, or stated objections, which ·could not have prejudiced the rights of the complaining party in any material way. *In re Ross,* 182 N. C., 477. New trials are awarded for ·erroneous rulings only when such rulings are material or prejudicial in a legal sense. *In re Edens,* 182 N. C., 398.

Notwithstanding these established rules of procedure, which we are required to observe, still we are unable to reverse the judgment and reinstate the verdict in the face of the above exception to the charge on the burden of proof. It is uniformly held that the rule as to the burden ·of proof is important in the trial of causes, and that it constitutes a substantial right of the party upon whose adversary the burden rests. *Hosiery Co. v. Express Co.,* 184 N. C., 480. A similar charge was held for error in *Land Co. v. Floyd,* 171 N. C., 543. There it was said that when the plaintiff in ejectment shows title to the premises, and the defendant claims title by adverse possession, the latter must establish such affirmative defense by the greater weight of the evidence, otherwise the ·defendant's occupation is deemed to be under and in subordination to the legal title. C. S., 432. It is not like meeting a prima facie case under a general denial, or plea in bar, by offering evidence of equal weight so as to balance the scales, or put the case in equipoise, but where an affirmative defense is set up, as here, the defendant must establish his allegations by the same degree of proof as would be required if he were plaintiff in an independent action. *Speas v. Bank,* 188 N. C., p. 531.

True, in ejectment, the plaintiff must rely for a recovery upon the strength of his own title, and not upon the weakness of his adversary's. *Rumbough v. Sackett,* 141 N. C., 495. To recover in such action, the plaintiff must show title good against the world, or good against the defendant by estoppel. *Mobley v. Griffin,* 104 N. C., 112. It can make no difference in ejectment whether the defendant has title or not, the only inquiry being whether plaintiff has it, and upon this issue the plaintiff has the burden of proof. *Timber Co. v. Cozad,* 192 N. C., 40; *Pope v. Pope,* 176 N. C., 283. But when the plaintiff has established a legal title to the premises, and the defendant undertakes to defeat a

recovery by showing possession, adverse for the requisite period of time, either under or without color of title, the defense is an affirmative one in which the defendant *pro hac vice* becomes plaintiff, and he is required to establish it by the greater weight of the evidence. *Bryan v. Spivey,* 109 N. C., 57; *Ruffin v. Overby,* 105 N. C., 78.

This is not placing the burden of proof on both parties at the same time, for such would be an anomaly in the law *(Speas v. Bank,* 188 N. C., p. 529), but it is simply requiring the actor in each instance, while occupying that position, to handle the laboring oar. Perhaps it should be observed that the defendant is not required to come forward with evidence of adverse possession, unless and until the plaintiff has shown a legal right to the premises. Then, in order to defeat the plaintiff's claim, the defendant must establish his affirmative defense, if such it be, as it is in the instant case, by the greater weight of the evidence.

The case is not like a special proceeding to establish the dividing line between adjoining landowners, where the plaintiff alleges the line to be at one place and the defendant at another. This is only a denial of the plaintiff's claim, though the defendant alleges another to be the dividing line. *Garris v. Harrington,* 167 N. C., 86. There can only be one true dividing line between two tracts of land, and upon the reason of the thing the burden of proof cannot rest on both parties at the same time to establish this line. *Carr v. Bizzell,* 192 N. C., 212; *Tillotson v. Fulp,* 172 N. C., 499; *Woody v. Fountain,* 143 N. C., 66.

The ruling in regard to the William Eaton grant seems to be without material significance on the record.

Affirmed.