J. C. HAYES ET AL., v. SELLS COTTON ET AL.

(Filed 30 September, 1931.)

1. **Ejectment C b—Held: evidence in this action in ejectment should have been submitted to the jury.**

   Where in an action in ejectment the plaintiff establishes his title to the *locus in quo* and the defendants allege adverse possession of a tract of land under color of title but described in their deed differently from the description of the land in the plaintiff's complaint, and the defendants claim that the two tracts are the same but fail to make it so appear and introduce no evidence of adverse possession, C. S., 432, *Held:* the granting of the defendant's motion as of nonsuit was error.

2. **Adverse Possession C a—Where adverse possession is relied on as a defense it must be established by greater weight of evidence.**

   Where adverse possession is set up as a defense in an action in ejectment such adverse possession must be established by the greater weight of the evidence.

3. **Evidence C b—Affirmative defense must be established by greater weight of evidence.**

   Where an affirmative defense is set up in an action such defense must be established by the greater weight of the evidence.

---

HAYES *v.* COTTON.

---

**4. Ejectment C b—Plaintiff in ejectment must establish title, but where this is done, defendant must establish affirmative defense.**

In an action in ejectment the plaintiff has the burden of proving his own title to the *locus in quo,* and it is not sufficient for him to show that the defendant does not have title, but where the plaintiff has established his title and the defendant relies upon adverse possession as a defense, the defendant must establish such affirmative defense by the greater weight of the evidence.

APPEAL by plaintiffs from *Cranmer, J.,* at June Term, 1931, of HALIFAX.

Civil action in ejectment to recover possession of 124 acres of land in Halifax County, known as the Adam Cochran Farm. The record recites that "at the close of plaintiffs' evidence" judgment of nonsuit was entered; and further "The defendants having introduced evidence and closed its case, the court being of opinion in the present state of the record, the plaintiffs cannot prevail in their suit, the action is dismissed."

Plaintiffs appeal, assigning errors.

*Grissom & Marshburn and T. T. Thorne for plaintiffs.*
*Dunn & Johnson and E. L. Travis for defendants.*

STACY, C. J. The following admission appears in the record:

"Defendants admit that 124 acres of land described in the complaint conveyed by Adam Cochran, Sr., to Adam Cochran, Jr., is the land in controversy in this action, and is the land which was conveyed by Adam Cochran, Sr., to Adam Cochran, Jr., in Book 48, at page 104. This deed conveyed to Adam Cochran, Jr., undivided one-half interest in 250 acres of land."

That the plaintiffs made out a prima facie case is not seriously controverted, but it is contended that the defendants' evidence shows conclusively that they have been in the open, notorious, adverse possession under color of title for 30 years of the following described tract of land:

"A tract of land in Halifax County known as the Lane tract, bounded by the lands of W. M. Westray, Z. M. Bradley and others, containing 124 acres, more or less, and being the tract on which Adam Cochran resided at the time of his death."

The record is silent, however, as to whether the tract described in the defendants' deeds is the same as that set out in the complaint. The defendants assert that it is, and the trial court seems to have acted upon this assumption, but the assertion is not necessarily supported by the record.

Adam Cochran, Sr., owned 250 acres of land and conveyed an undivided one-half interest to his son, Adam Cochran, Jr. Whether partition of this land was subsequently had does not appear, but plaintiffs are only claiming 124 acres. The defendants claim a like amount.

The land claimed by the defendants is described in their deeds as "the tract on which Adam Cochran resided at the time of his death." But there were two Adam Cochrans, and each owned an undivided interest in 250 acres of land in Halifax County. Is the land described in the complaint covered by the defendants' deeds? That is the question. Furthermore, there is allegation, but no evidence, of adverse possession on the part of the defendants.

When the plaintiff in ejectment shows title to the *locus in quo,* and the defendant claims title by adverse possession, the latter must establish such affirmative defense by the greater weight of the evidence, otherwise the defendants' occupation is deemed to be under and in subordination to the legal title. C. S., 432. It is not like meeting a prima facie case under a general denial, or plea in bar, when it is only necessary to offer evidence of equal weight so as to balance the scales, or put the case in equipoise, but where an affirmative defense is set up, as here, the defendant must establish his allegations by the same degree of proof as would be required if he were plaintiff in an independent action. *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381.

True, in ejectment, the plaintiff must rely for a recovery upon the strength of his own title, and not upon the weakness of his adversary's. *Rumbough v. Sackett,* 141 N. C., 495. To recover in such action, the plaintiff must show title good against the world, or good against the defendant by estoppel. *Mobley v. Griffin,* 104 N. C., 112. It can make no difference in ejectment whether the defendant has title or not, the only inquiry being whether plaintiff has it, and upon this issue the plaintiff has the burden of proof. *Timber Co. v. Cozad,* 192 N. C., 40; *Pope v. Pope,* 176 N. C., 283. But when the plaintiff has established a legal title to the premises, and the defendant undertakes to defeat a recovery by showing possession, adverse for the requisite period of time, either under or without color of title *(Dill-Cramer-Truitt Corp. v. Downs,* 195 N. C., 189), the defense is an affirmative one in which the defendant *pro hac vice* becomes plaintiff, and he is required to establish it by the greater weight of the evidence. *Bryan v. Spivey,* 109 N. C., 57; *Ruffin v. Overby,* 105 N. C., 78.

This is not placing the burden of proof on both parties at the same time, for such would be an anomaly in the law *(Speas v. Bank,* 188 N. C., p. 529), but it is simply requiring the actor in each instance, while occupying that position, to handle the laboring oar. Perhaps it

should be observed that the defendant is not required to come forward with evidence of adverse possession, unless and until the plaintiff has shown a legal right to the premises. Then, in order to defeat the plaintiff's claim, the defendant must establish his affirmative defense, if such it be, as it is in the instant case, by the greater weight of the evidence.

Reversed.