### G. M. BOONE v. BELLE F. COLLINS.

(Filed 23 December, 1931.)

**Evidence C a—Where the burden of proof is placed on both parties at the same time a new trial will be awarded.**

> In a special proceeding to establish the dividing line between adjoining landowners the burden of proving the true boundary is on the plaintiff, and where the trial judge inadvertently places the burden of the proof on both parties at the same time a new trial will be awarded, the rule as to the burden of proof constituting a substantial right.

APPEAL by defendant from *Harwood, Special Judge,* at May Term, 1931, of HAYWOOD.

Special proceeding to establish dividing line between adjoining lands of plaintiff and defendant, designated, by common consent, as "the M. P. Francis line."

It was agreed that the true location of the boundary line between plaintiff's and defendant's lands was either the "Solid Line" or the "Dash Line," as shown on map made by court surveyor, the plaintiff contending that it was the former and the defendant that it was the latter.

The court instructed the jury as follows:

"If the plaintiff has satisfied you by the greater weight of the evidence that the solid line is the true location as indicated on the map of the M. P. Francis line you will write 'Solid Line'; and if the defendant has satisfied you by the greater weight of the evidence that the dash line is the true location, then you will write 'Dash Line.' " Exception.

The jury returned the following verdict: "What is the true location of the M. P. Francis line? Answer: Solid Line."

From a judgment on the verdict for plaintiff, the defendant appeals, assigning errors.

*Grover C. Davis for plaintiff.*

*Joe. E. Johnson, Morgan, Stamey & Ward and Johnson, Smathers & Rollins for defendant.*

STACY, C. J. This is a special proceeding to establish the dividing line between adjoining landowners. The plaintiff says the line is at one place, the "Solid Line" shown on the map, and the defendant says it is at another, the "Dash Line" shown thereon.

The burden of establishing the true location of the boundary line was on the plaintiff. *Hill v. Dalton,* 140 N. C., 9, 52 S. E., 273. But this was inadvertently placed on both parties at the same time. *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381. Similar instructions were held for error in *Garris v. Harrington,* 167 N. C., 86, 83 S. E., 253, and *Tillotson v. Fulp,* 172 N. C., 499, 90 S. E., 500. The burden of proving the affirmative of a single issue cannot rest on both sides at the same time. *Carr v. Bizzell,* 192 N. C., 212, 134 S. E., 462; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398.

The rule as to the burden of proof constitutes a substantial right, and its erroneous placing is reversible error. *Hosiery Co. v. Express Co.,* 184 N. C., 478, 114 S. E., 823.

New trial.