JANE McPHERSON AND HUSBAND, A. B. McPHERSON, v. S. B. WILLIAMS.

(Filed 20 September, 1933.)

**Evidence B b—Burden of proof on affirmative defense is on defendant, and erroneous placing of burden entitled plaintiff to new trial.**

　　In an action to recover damages for trespass plaintiff has the burden of proof on the issue, but defendant has the burden of proof on the issue of prescription and adverse user set up by him as a defense, and where the burden of proof on this issue is not properly placed on defendant, a new trial will be awarded, the erroneous placing of the burden of proof on a material matter being reversible error.

APPEAL by plaintiffs from *Small, J.,* at March Term, 1933, of CAMDEN.

Civil action to recover damages in the amount of $50.00 for alleged trespass in cleaning out ditch which separates lands of plaintiffs and defendant and embanking the dirt and debris, thus dug up, on plaintiffs' side; and to restrain the defendant from further like trespass in the future.

The court placed the burden of proof on the plaintiffs, which is assigned as error, the defendant claiming the right to clean out said ditch and to embank the dirt and debris on both sides thereof by prescription, or adverse user for more than the requisite number of years.

There was a verdict and judgment for defendant, from which the plaintiffs appeal.

*W. I. Halstead for plaintiffs.*
*R. Clarence Dozier for defendant.*

STACY, C. J. It is conceded in appellee's brief that "the burden was upon the defendant to show the easement by prescription, or adverse possession," the defense being an affirmative one. *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381. But in this connection it is asserted that "while in disconnected excerpts, it might appear the burden of proof was improperly placed, yet a careful reading of the entire charge will show the jury could not have been misled." *Bechtel v. Weaver,* 202 N. C., 856, 164 S. E., 338; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32.

We have held in a number of cases that the erroneous placing of the burden of proof in respect to a material matter constitutes reversible error. *Power Co. v. Taylor, supra.*

True, in the beginning, the plaintiffs had the burden of proof on the issue of trespass, but when the defendant undertook to justify his use of the plaintiffs' side of the ditch by prescription, or adverse possession, he then assumed the laboring oar. *Hayes v. Cotton,* 201 N. C., 369, 160 S. E., 453.

New trial.