COBURN DeHART, W. M. DeHART, S. A. DeHART, JOHN DeHART, and FRANK DeHART v. W. T. JENKINS.

(Filed 17 March, 1937.)

1. Ejectment § 15—Where title is made to depend upon true boundary, plaintiffs have burden of establishing corners as contended for by them.

In this action for the possession of land title was made to depend upon the location of corners as contended for by plaintiffs. Defendant introduced evidence seeking to establish different corners. Issues were submitted as to each of the two corners in dispute phrased so that the jury

DeHart *v.* Jenkins.

should determine whether each corner was as contended for by plaintiff or defendant. *Held:* Defendant was not attempting to set up an affirmative defense, but introduced evidence of different corners merely to attack plaintiffs' claim, and an instruction that the jury should find the corners as contended for by plaintiffs if plaintiffs had so satisfied them by the greater weight of the evidence, and that they should find the corners contended for by defendant if defendant had so satisfied them by the greater weight of the evidence, *is held* erroneous as placing the burden of proof on both parties at the same time, the burden being upon plaintiffs throughout to prove title by establishing the corners as contended for by them.

**2. Trial § 29c: Appeal and Error § 43—**

An erroneous instruction on the burden of proof entitles the prejudiced party to a new trial, the burden of proof being a substantial right, and a later portion of the charge correctly placing the burden of proof will not cure the error, since inconsistent instructions upon a material point cannot be held harmless.

Appeal by defendant from *Harding, J.,* at July-August Term, 1936, of Swain. New trial.

*Black & Whitaker and Edwards & Leatherwood for plaintiffs.*
*Moody & Moody for defendant.*

Devin, J. This was an action to recover the possession of certain lands, upon allegations of title and wrongful possession. The title to two parcels of land was involved.

Among the material issues submitted to the jury were the following:

"1. Is the black oak corner of sec. No. 66 located at the point on the Court Map at figure 4, as testified to by witness Bill Grant, or at the figure 9, as testified to by the defendant William Jenkins?

"2. Is the M. L. Dills white oak corner, described in plaintiffs' second boundary, located at the white oak stump indicated at figure 12 on the Court Map, as testified to by the witness Epp Jenkins, or at the point marked dogwood on the Court Map as testified to by defendant's witness Texas Wiggins, and the defendant?"

The jury answered the first issue, "Yes, No. 4," and the second, "Yes, No. 12."

Appellant's principal assignments of error are addressed to the form of these issues as being in the alternative and contrary to the rule stated in *Emry v. R. R.,* 102 N. C., 209, and *Carey v. Carey,* 108 N. C., 267, and to the judge's charge upon these issues in respect to the burden of proof.

The court charged the jury on the first issue as follows:

"If the plaintiffs have satisfied you, gentlemen, by the evidence in this case and by its greater weight that the corner is at No. 4, then you will

DeHart *v.* Jenkins.

answer the issue, 'Yes, No. 4'; if he has failed to so satisfy you, and the defendant has satisfied you it is at No. 9, that is by the greater weight of the evidence for the purpose of establishing the defendant's claim to the property, you would answer the issue, 'Yes, No. 9.' "

And on the second issue: "The burden is on the plaintiff to satisfy you by the greater weight of the evidence that it is at No. 12, and if he has so satisfied you, then you will answer the issue, 'Yes, No. 12'; if the plaintiff has failed to satisfy you it is at 12, and the defendant has satisfied you by the greater weight of the evidence that it is at the dogwood, then you would answer it, 'dogwood.' "

The court further charged the jury that if they answered the first and second issues locating the corners at No. 4 and No. 12, they should thereupon answer the issues of title in favor of the plaintiffs.

The instructions given by the learned judge who presided over the trial below seem in conflict with the rule laid down in *Boone v. Collins,* 202 N. C., 12. In that case it was said, Chief Justice Stacy speaking for the Court: "The burden of establishing the true location of the boundary line was on the plaintiff. *Hill v. Dalton,* 140 N. C., 9, 52 S. E., 273. But this was inadvertently placed on both parties at the same time. *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381. Similar instructions were held for error in *Garris v. Harrington,* 167 N. C., 86, 83 S. E., 253, and *Tillotson v. Fulp,* 172 N. C., 499, 90 S. E., 500. The burden of proving the affirmative of a single issue cannot rest on both sides at the same time. *Carr v. Bizzell,* 192 N. C., 212, 134 S. E., 462; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398. The rule as to the burden of proof constitutes a substantial right, and its erroneous placing is reversible error. *Hosiery Co. v. Express Co.,* 184 N. C., 478, 114 S. E., 823."

While *Boone v. Collins, supra,* was instituted as a special proceeding to establish a dividing line, the instant case was made to turn upon the question of boundary and the location of lines, and the same rule applies.

It is true, in another portion of his charge, the court below used this language: "I don't mean to say the burden is on the defendant anywhere in this case. The defendant is attempting here to establish his corner, and in order to get his corner established he must show it; it doesn't make any difference whether the defendant establishes any of his corners or not, so far as the plaintiffs' and defendant's rights are concerned. The defendant has the right to offer no evidence at all and attack the plaintiffs' evidence, and to contend that the evidence has not established his corner, but the defendant desires to have established here whether or not No. 9 is a corner and whether or not the dogwood is a corner. Of course, when he attempts to establish affirmatively a fact

for his own benefit and use, the burden is on him for that purpose, but so far as the rights of the plaintiffs are concerned the burden is on the plaintiffs all the way through."

But even if this portion of the charge be understood as laying down a different rule as to the burden of proof from that contained in the portion previously quoted, it would fall within the category of inconsistent instructions and invoke the rule laid down in *Young v. Commissioners,* 190 N. C., 845, and cases there cited.

Besides, the defendant cannot properly be said to have been attempting to set up an affirmative defense, in the sense referred to in *Hayes v. Cotton,* 201 N. C., 369, but was seeking by evidence to prevent the establishment of plaintiffs' title consequent upon locating the corners as claimed by them.

We conclude that appellant's assignments of error in the particulars herein pointed out must be sustained, necessitating a new trial. For this reason we do not discuss or decide the other questions presented by the appeal.

New trial.