LANIE B. HILL AND HUSBAND, H. O. HILL, MAGGIE YOUNG AND HUSBAND,
    A. P. YOUNG, NORA LAYTON AND HUSBAND, N. B. LAYTON, ELVE
    RANSDELL AND HUSBAND, W. G. RANSDELL, P. T. CLIFTON AND
    J. R. CLIFTON v. THOMAS T. YOUNG.

(Filed 2 February, 1940.)

**1. Boundaries § 7—**

Ordinarily, in a processioning proceeding title is not in dispute, and if defendant's answer raises the issue of title the cause should be transferred to the civil issue docket for trial in the Superior Court.

**2. Same—**

In a processioning proceeding, defendant's claim that he has acquired title to the land in dispute by adverse possession, even conceding that the line as contended for by plaintiff is correct, is a denial of title *pro tanto*, and the cause should be transferred to the civil issue docket.

**3. Same: Courts § 2c—**

Where issue of title is raised in a processioning proceeding, and the clerk, instead of transferring the cause to the civil issue docket, determines the issue, the Superior Court nevertheless acquires full jurisdiction by appeal and has the power to dispose of the cause.

**4. Boundaries § 10—**

Where, in a processioning proceeding, defendant claims that he had acquired title to the land in dispute by adverse possession, the burden of proving title by adverse possession is properly placed upon defendant regardless of the form of the issue relating to such claim, although the burden is upon plaintiffs to prove the location of the boundary as contended for by them.

**5. Trial § 40—**

A party tendering an issue which is submitted cannot thereafter complain of the form of the issue.

**6. Boundaries § 10: Trial § 39—Where issues submitted present to the jury all determinative facts presented by evidence and pleadings, refusal to submit another issue tendered is not error.**

In this processioning proceeding defendant contended, and offered evidence in support thereof, that the acts of plaintiffs and their predecessor in title in cultivating and using the land only up to the boundary as contended for by defendant, and in pointing out that boundary when they obtained a loan upon the land, estopped plaintiffs to deny that the boundary was other than as contended for by the defendant. *Held:* The evidence and contentions were properly submitted to the jury under the issue relating to the location of the true dividing line between the respective lands of the parties, and refusal to submit an issue tendered by defendant upon the question of estoppel was not error.

APPEAL by defendant from *Sinclair, J.*, at March Term, 1939, of FRANKLIN.

Processioning proceeding to establish boundary between adjacent lands of plaintiffs and of defendant.

Plaintiffs allege in petition filed that they are the owners of a certain tract of land adjoining the lands of defendant and others; that the location of the line between said land and the lands owned by defendant is in dispute; and that the true and correct location of the dividing line is as therein specifically described.

Defendant admits that plaintiffs own the tract of land adjoining that owned by him, but denies the remaining allegations in the petition. For their further answer and defense defendant avers that he is the owner of a tract of land adjoining plaintiffs' land; that the true location

of the dividing line is different from that described by petitioners and is as he, the defendant, therein specifically describes; that he and those under whom he claims have had adverse possession of the tract of land owned by him up to the line located as contended for by him more than twenty years "under known metes and bounds"; that any right, title or interest . . . of the petitioners to any portion of said land now owned by said defendant . . . or any part thereof is barred by the twenty-year statute of limitations, which is expressly pleaded . . . in bar of the right of action of said petitioners as set forth in the petition filed herein"; that the plaintiffs and their predecessors in title have by their cultivation of the land and sale of timber, recognized the location of said line as described by defendant to be the true dividing line; that the defendant and his predecessors have so recognized said line by cultivating and using the land up to the said line; that in 1931 when defendant was having survey of his land made for the purpose of obtaining a description to be used in procuring a loan, P. T. Clifton, one of the petitioners, who at the time was in the occupation and possession of the entire tract owned by plaintiffs, pointed out and agreed that said line is the true and correct dividing line; and that plaintiffs are estopped to deny same.

The cause was not transferred to the civil issue docket, but was heard before the clerk of Superior Court, who found and adjudged the true location of the dividing line to be as contended by plaintiffs.

Defendant appealed to the Superior Court. On the trial there all the evidence tends to show that the lands in question are parts of a larger boundary formerly owned by a common ancestor, the grandmother of plaintiffs and defendant; that in 1882 she divided same among her children, retaining for herself the tract known as the dower tract; that she conveyed to the mother of defendant a boundary of which the land owned by defendant is a part; that she conveyed to the father of plaintiffs another boundary which, with the dower tract, is now owned by the plaintiffs; that the east line of the tract conveyed to the mother of defendant, and the west line of the tract conveyed to the father of petitioners, and that retained as dower tract are in common; that the parties are in dispute with respect to the true location of this dividing line as indicated by the deeds from the common ancestor; and that the location of the line as contended for by plaintiffs is farther west than the place contended for by defendant.

The case was tried and submitted to the jury upon these issues:

"1. What is the true location of the dividing line between lands of the plaintiffs and of the defendant?

"2. Is the plaintiffs' cause of action barred by the statute of limitations, as alleged by the defendant?"

Both of these issues, with a third which reads: "Are the plaintiffs estopped by their acts and conduct and the acts and conduct of their predecessors in title to deny that the true dividing line is as alleged by the defendant?" were tendered by defendant. The court declined to submit the third issue. Defendant excepts. The jury, in answering the first issue, finds the true location of the dividing line in accordance with plaintiffs' contention, and answered the second issue "No."

From judgment thereon defendant appeals to the Supreme Court and assigns error.

*E. F. Griffin and Yarborough & Yarborough for plaintiffs, appellees.*
*G. M. Beam and White & Malone for defendant, appellant.*

WINBORNE, J. While defendant presents numerous exceptive assignments, only a few require consideration, and none shows prejudicial error.

In brief filed defendant states that "This is a processioning proceeding, with title drawn in issue, wherein defendant denies correctness of location of the dividing line, and pleads estoppel and statute of limitations in bar of plaintiffs' claim." A perusal of the record discloses that in the Superior Court this is the theory upon which the case was tried.

The defendant pleads and contended upon the trial below that even though the jury should find the true location of the dividing line to be as contended for by plaintiffs, still plaintiffs are restricted to the location of the line as contended for by defendant for that he and those under whom he claims title have for more than twenty years had adverse possession of the land lying between those two locations. This is tantamount to a denial of plaintiffs' title *pro tanto.*

The court charged the jury that the burden of proof as to the true location of the dividing line is upon the plaintiffs. This is in accordance with well settled rule enunciated in decisions of this Court. *Hill v. Dalton,* 140 N. C., 9, 52 S. E., 273; *Woody v. Fountain,* 143 N. C., 66, 55 S. E., 425; *Garris v. Harrington,* 167 N. C., 86, 83 S. E., 253; *Carr v. Bizzell,* 192 N. C., 212, 134 S. E., 462.

With respect to the second issue the court charged: "Now, gentlemen of the jury, the burden is always upon the plaintiffs where the statute of limitations is pleaded (but in this case whether that is true will depend entirely upon whether or not you find from the evidence, and under the law, that the defendant has acquired rights to this land by reason of adverse possession. He having pleaded adverse possession, the law puts the burden upon him to satisfy you by the greater weight of the evidence that he has acquired rights through adverse possession

against the true owners)." Defendant excepts to that portion in parentheses. There are other exceptions to similar portions of the charge. In the light of the facts on this record, the exception is not sustained.

Ordinarily, in processioning proceedings title to the land is not in issue, *Cole v. Seawell,* 152 N. C., 349, 67 S. E., 753, but if defendant by answer should put the title in issue the proceeding is converted into a civil action to quiet title and is transferred to the civil issue docket of the Superior Court for trial in accordance with rules of practice applicable to such actions originally instituted in that court. *Woody v. Fountain, supra.*

Even though the proceeding be not transferred to the civil issue docket and the Superior. Court acquires possession thereof on appeal, that court has full power to dispose of it. *Little v. Duncan,* 149 N. C., 84, 62 S. E., 770; *Ryder v. Oates,* 173 N. C., 569, 92 S. E., 508; *Bradshaw v. Warren,* 216 N. C., 354. Upon trial in Superior Court, it devolves upon plaintiffs to make out their title, and the burden is still upon them to establish the line as contended for by them. *Hill v. Dalton, supra; Woody v. Fountain, supra.* When the plaintiffs have established a legal title to the land, and the defendant undertakes to defeat a recovery by showing adverse possession for the required period of time, either with or without color of title, the defense is an affirmative one, and thereunto the defendant becomes the actor and has the burden of establishing it by the greater weight of the evidence. *Bryan v. Spivey,* 109 N. C., 57, 13 S. E., 766; *Ruffin v. Overby,* 105 N. C., 78, 11 S. E., 251; *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381.

As was said in *Power Co. v. Taylor, supra,* "This is not placing the burden of proof upon both parties at the same time, but is simply requiring the actor in each instance, while occupying that position, to carry the laboring oar."

In the case at bar the second issue does not relate to the ordinary plea of the statute of limitations, where the rule requires the plaintiffs to show that the action is not barred by the statute. Here the defendant invokes the statute in aid of his affirmative plea on which he had the burden of proof. Having tendered the issue, defendant cannot now complain as to its form. McIntosh, North Carolina P. & P., 545. *Phifer v. Alexander,* 97 N. C., 335; *Greene v. Bechtel,* 193 N. C., 94, 136 S. E., 294. The burden of proving the underlying fact of adverse possession remains the same.

Defendant excepts to the refusal of the court to submit the third issue tendered by him. The issues submitted are sufficient to present to the jury proper inquiries as to all the determinative facts in dispute, as well as to afford the parties opportunity to introduce all pertinent evidence and to apply it fairly. When thus tested, the issues submitted meet all

requirements.   McIntosh, North Carolina P. & P., 545; *Gross v. Mc-Brayer,* 159 N. C., 372, 74 S. E., 915; *Mann v. Archbell,* 186 N. C., 72, 118 S. E., 911; *Erskine v. Motor Co.,* 187 N. C., 826, 123 S. E., 193; *Hooper v. Trust Co.,* 190 N. C., 423, 130 S. E., 49.

In the case in hand the proposed issue bears upon evidentiary matter pertinent to the first issue.   The evidence was received and so presented to the jury.   There is no error in refusing to submit the issue.

Careful consideration of all other exceptions presented on this appeal convinces us that the case has been fairly tried and without prejudicial error.   The verdict is supported by the evidence.   The judgment is affirmed.

No error.